## CLEMENTS WIRE & MANUFACTURING COMPANY, INC., Plaintiff-Appellee,

v.

## NATIONAL LABOR RELATIONS BOARD, Defendant-Appellant.

No. 78–1296.

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1979.

---

John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Aileen A. Armstrong, Asst. Gen. Counsel for Litigation, John G. Elligers, Joseph P. Norelli, Attys., N.L.R.B., Washington, D. C., for N.L.R.B.

David Branch, Washington, D. C., for International Union of Electrical, Radio & Machine Workers, AFL–CIO–CLC, amicus curiae.

Fusleir, Ott, McKee & Flowers, Armin J. Moeller, Jr., Louis A. Fuselier, Jackson, Miss., for plaintiff-appellee.

Before GEWIN, COLEMAN and GOLDBERG, Circuit Judges.

GEWIN, Circuit Judge:

The NLRB appeals from an order of the district court enjoining the Board from further processing a representation case in any manner, pending final resolution of issues raised in an action brought under the Freedom of Information Act (FOIA) by appellee Clements Wire. Appellee contends that this court does not have jurisdiction to consider this case under 28 U.S.C. § 1292(a)(1), viewing the relief granted appellee by the district court as being only temporary relief. Appellant challenges the propriety of the district court's decision granting relief to appellee. We find the relief granted by the court below to be in the nature of a preliminary injunction and as such appealable to this court. We also conclude that the order was improperly granted and vacate that order and remand with instructions to the district court.

In August 1977 the International Union of Electrical, Radio & Machine Workers (Union) filed a representation petition seeking to represent a unit of appellee Clements Wire & Mfg. Co.'s employees in collective bargaining. An election was held, the Union won and appellee filed objections to alleged conduct by the Union affecting the results of the election. An administrative investigation of those complaints was held by the Board's Region 15 and appellee's objections were overruled. Appellee was given until January 9, 1978 to file its exceptions to that report on appellee's objections.

On December 21, 1977 appellee requested certain information from the Region's case files pursuant to the Freedom of Information Act (FOIA). The request was denied. On January 5, 1978, appellee filed its FOIA complaint with the district court.

The following day a Motion for a Temporary Restraining Order was filed by appellee and a hearing was held. The court issued an order enjoining the NLRB from further processing the case against appellee in any manner, including dismissing appellee's exceptions or certifying the results of the representation election, until final resolution of the allegations in appellee's FOIA complaint and until after a reasonable period of time in which appellee would have the opportunity to inspect the requested documents and file appropriate exceptions with the Board.

The threshold question to be determined is the nature of the order issued by the district court. Appellee contends that the order was a temporary restraining order and as such was not appealable under 28 U.S.C. § 1292(a)(1). The record establishes that the order entered by the court below was initially designated as a "Temporary Restraining Order" but when executed by Judge Cox the portion of the heading reading "Restraining Order" had been marked through and replaced by the word "Injunction." Thus, the order below bore the designation "Temporary Injunction." Moreover, the portion concerning the expiration of the order had been marked out, leaving no date of expiration within the order itself.

It is well settled that under Rule 65(b) of the Federal Rules of Civil Procedure governing the issuance of temporary restraining orders, such orders must expire not later than 20 days after issuance. It is clear from the language of the order itself that the restrictions imposed therein were to continue for an indefinite period; until resolution of the allegations within the order and a reasonable time for appellee to inspect the requested documents and file appropriate exceptions. Consequently, the order issued by Judge Cox extended beyond the maximum 20 days permitted under Rule 65(b).

In *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), the Supreme Court held that where a temporary restraining order continued beyond the time permissible under Rule 65 the order must be treated as a preliminary injunction. This reasoning has been followed by this circuit in *Lewis v. S. S. Baune*, 534 F.2d 1115 (5th Cir. 1976) and is consistent with the view espoused by an earlier panel in *Dilworth v. Riner*, 343 F.2d 226 (5th Cir. 1965). Furthermore, the order in the instant case occurred after both notice and a hearing. *Ergo*, we believe there is ample support for our conclusion that this order should be

viewed as a preliminary injunction and as such is an appealable order.[1]

■ The second issue goes directly to the merits of the court's decision to grant the injunction.[2] The granting or denying of a preliminary injunction rests in the sound discretion of the district court. *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). This discretion, however, is not without limitation,[3] and must be exercised in view of the four prerequisites that we have established for issuance of the extraordinary relief of a preliminary injunction. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). The four prerequisites are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits, (2), a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm an injunction may cause the defendant, and (4) that granting the preliminary injunction will not disserve the public interest. 489 F.2d at 572. *DiGiorgio v. Causey*, 488 F.2d 527 (5th Cir. 1973); *Blackshear Residents Organization v. Romney*, 472 F.2d 1197 (5th Cir. 1973); *Allison v. Froehlke*, 470 F.2d 1123 (5th Cir. 1972).

■ In considering the first of these four prerequisites it is evident that appellee will not succeed on the merits of its FOIA action in light of the Supreme Court's recent reversal of this circuit's holding in *Robbins Tire & Rubber Company v. NLRB*, 563 F.2d 724 (5th Cir. 1977).[4]

In *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), the Court held that the NLRB was not required by the FOIA to disclose witnesses' statements in pending unfair labor practice proceedings, at least not until completion of the hearing, since such disclosure would "interfere with enforcement proceedings" within the meaning of exemption 7(A) of the Act. 5 U.S.C. § 552(b)(7)(A). In addition the court reasoned that the FOIA's purposes would not be damaged by deferring disclosure until after the Government was permitted to present its case in court.

This circuit has recently had the opportunity to examine the Court's holding in *Robbins Tire*. In *Pacific Molasses Co. v. NLRB*, 577 F.2d 1172 (5th Cir. 1978), we held that a Form 4069 report submitted by an NLRB agent after investigating a representation petition and examining authorization cards was not exempt from disclosure under the FOIA. In distinguishing the two cases, the court emphasized that in *Robbins Tire* there was an imminent adjudicatory proceeding, unlike the situation in *Pacific Molasses*.

The distinguishing factors that were present in *Pacific Molasses* are absent in the instant case. As a result, it is apparent that appellee will not succeed on the merits of its action.

Having determined that appellee will not succeed on the merits of its action, we need not consider the applicability of the remaining prerequisites to the instant case.

1. Additional support may be gleaned from the district court's subsequent reference to the order as a "preliminary injunction" in an order of Judge Cox denying defendant's motion for a stay of the preliminary injunction on August 3, 1978, appearing in Supplemental Record on Appeal.

2. The Court in *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) succinctly stated its position that an agency's denial of a FOIA request is immediately reviewable in district court and that court's decision is reviewable at the appellate level.

Unlike ordinary discovery contests, where rulings are generally not appealable until the conclusion of the proceedings, an agency's denial of a FOIA request is immediately reviewable in the District Court, and the District Court's decision can then be reviewed in the Court of Appeals. 437 U.S. at 238, 98 S.Ct. at 2325, 57 L.Ed.2d at 176.

3. 11 Wright & Miller, Federal Practice and Procedure: Civil § 2948 (1973).

4. At the time the injunction was issued the governing law was *Robbins Tire & Rubber Co. v. NLRB*, 563 F.2d 724 (5th Cir. 1977). However, all parties readily acknowledge that the controlling law for our consideration on appeal is *NLRB v. Robbins Tire & Rubber Company*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978).

Accordingly we vacate the preliminary injunction involved in this proceeding and remand with instructions to the district court to enter a judgment consistent with this opinion.

VACATED and REMANDED WITH DIRECTIONS.