**ANDERSON GREENWOOD AND COMPANY, Plaintiff-Appellee,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant-Appellant.**

No. 78–2242.

United States Court of Appeals,
Fifth Circuit.

Oct. 9, 1979.

Aileen Armstrong, Asst. Gen. Counsel, Linda J. Dreeben, Atty., N. L. R. B., Washington, D. C., for defendant-appellant.

Andrews, Kurth, Campbell & Jones, James V. Carroll, III, Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and KRAVITCH, Circuit Judges.

GOLDBERG, Circuit Judge:

The National Labor Relations Board ("NLRB") appeals from an order of the district court requiring it to provide appellee Anderson Greenwood & Co. with certain statements of witnesses taken during the NLRB's investigation of a challenged representation election. Since the date of the trial court's order, we have decided *Clements Wire & Mfg. Co., Inc. v. NLRB*, 589 F.2d 894 (5th Cir. 1979). *Clements Wire* requires us to reverse the judgment of the trial court.

The facts are not in dispute. After a representation petition was filed by the International Association of Machinists and Aerospace Workers, AFL–CIO ("the Union") seeking certification as a collective bargaining unit for certain employees of appellee, the NLRB duly conducted a representation election. The election was extremely close,[1] and both sides filed timely objections to it. The NLRB conducted an investigation into the election, during which it interviewed a number of individuals and secured affidavits and statements from some of them. On the basis of this investigation, the Regional Director of the NLRB issued a report ordering that an evidentiary hearing be conducted on certain issues raised by the investigation.

On January 6, 1978, ten days prior to the scheduled hearing, appellee filed with the Regional Director a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking copies of all affidavits and written statements of employees of appellee or others taken by or submitted to the regional office of the NLRB in the course of the investigation into the election, as

---

1. Of the 325 ballots cast, there were 156 for the Union and 156 against the Union; twelve ballots were challenged and one was treated as void.

well as other documents acquired by the regional office in the course of the investigation. The Regional Director denied the request in its entirety, relying on Exemptions 7(A), (C), and (D) of the FOIA, 5 U.S.C. § 552(b)(7)(A), (C), and (D).[2] Appellee appealed this denial to the NLRB's General Counsel, who denied appellee all requested documents except campaign letters written by appellee. The General Counsel relied on FOIA Exemptions 5 and 7(A).[3]

On January 12, 1978, appellee filed a complaint in United States District Court for the Southern District of Texas seeking an order compelling the NLRB to provide the requested documents prior to any hearing on the election objections.[4] The district court, relying on our opinion in *Robbins Tire and Rubber Co. v. N. L. R. B.*, 563 F.2d 724 (5th Cir. 1977), found that the documents were not exempt from disclosure under the FOIA, and entered final judgment ordering the NLRB to provide appellee with any affidavits or written statements acquired in its investigation.[5] The NLRB

obtained a stay of execution of the judgment and brought this appeal.

Our decision in Robbins Tire,
Interpreting Congresses' reported desires,
Exposed workers to their bosses' ire.
The High Court, avoiding this sticky quagmire,
And fearing employers would threaten to fire,
Sent our holding to the funeral pyre.[6]
Then along came Clements Wire,[7]
Soon after its venerable sire.
To elections, Wire extended Tire,
Leaving app'llees arguments higher and drier.
Now to colors our focus must shift,
To Green wood and stores that are Red.[8]
We hope this attempt at a rhyme, perhaps two,
Has not left this audience feeling too blue.

Since *Clements Wire* directly controls our decision here, we reverse.

REVERSED.

---

**2.** 5 U.S.C. § 552(b) exempts certain material from disclosure. Paragraph (7) thereto is the exemption for

"investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, . . . (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source . . ."

**3.** 5 U.S.C. § 552(b)(5) exempts "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

**4.** 5 U.S.C. § 552(a)(4)(B) establishes the district court's jurisdiction to provide the requested injunctive relief.

**5.** The district court issued several orders and judgments in this matter, dated May 9, 1978, May 10, 1978, June 7, 1978, and June 16, 1978. On appellee's motion to correct the judgment, the description of the documents to be provided appellee was varied somewhat by the several

orders. None of the modifications is material to this appeal.

**6.** *N. L. R. B. v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) held that the witness statements there sought were exempt from disclosure under Exemption 7(A) because disclosure would interfere with the N.L.R.B.'s pending unfair labor practice proceeding.

**7.** *Clements Wire & Mfg. Co., Inc. v. N. L. R. B.*, 589 F.2d 894 (5th Cir. 1979). *Clements Wire* extended *Robbins Tire* to representation election hearings. It presented the issue in a somewhat different procedural context, involving a request for a preliminary injunction preventing the NLRB from proceeding with a representation election case until final resolution of the employer's FOIA action seeking certain information from the NLRB's files. We vacated the district court's grant of the preliminary injunction, finding it apparent that the employer's FOIA claim would not succeed on the merits. The FOIA issue presented there was identical to appellee's claim here.

**8.** *Red Food Stores v. N. L. R. B.*, 604 F.2d 324, No. 78–3546 (5th Cir.), also decided today, presents a very similar issue to this case.