The RED FOOD STORES, INC.,
Plaintiff-Appellee,

v.

NATIONAL LABOR RELATIONS
BOARD et al.,
Defendants-Appellants.

No. 78–3546.

United States Court of Appeals,
Fifth Circuit.

Oct. 9, 1979.

Aileen A. Armstrong, Asst. Gen. Counsel, Special Litigation, Div. of Enforcement Litigation, Ruth E. Peters, Atty., Linda J. Dreeben, Atty., N. L. R. B., Washington, D. C., for defendants-appellants.

William M. Pate, Atlanta, Ga., James P. Durante, New York City, for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and KRAVITCH, Circuit Judges.

GOLDBERG, Circuit Judge:

The National Labor Relations Board ("NLRB") appeals from an order of the District Court requiring the NLRB to turn over witness statements in its file concerning a representation election involving a different employer to appellee Red Food Stores, Inc. ("Red Food") prior to holding a hearing on an unfair labor practice charge against Red Food. Because we find the factual differences between this case and *Anderson Greenwood & Co. v. N. L. R. B.*, 604 F.2d 322 (5th Cir.) also decided today, insufficiently material to affect the result, we hold that the instant case is also controlled by *Clements Wire & Mfg. Co., Inc. v. NLRB*, 589 F.2d 894 (5th Cir. 1979). We therefore reverse the judgment of the district court to the extent that it orders the NLRB to turn over any documents to Red Food.

The parties agree upon the facts. After Teamsters Local 515, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("the Union"), filed a petition seeking certification as representative of a unit composed of the routemen and dockmen employed by Mayfield Dairy Farms, Inc. ("Mayfield"),[1] a certification election was held on March 17, 1978. Forty-one votes were cast against the Union; 31 in its favor. The Union filed an objection alleging in essence that managers of Red Food threatened the Mayfield routemen with loss of shelf space if they chose the Union as

---

1. Mayfield has been a regular supplier of milk and dairy products to Red Food, which is engaged in the retail sale of grocery products.

their bargaining representative and that a Mayfield supervisor threatened the employees with loss of employment if they voted for the Union.

The Regional Director of the NLRB issued a report recommending that the objection concerning conduct of Red Food personnel be sustained and the election be set aside. He also found evidence of conduct of supervisory personnel of Mayfield, not specifically alleged, which raised credibility issues which could best be resolved at a hearing. In the event that the NLRB did not concur in his recommendation as to the objection concerning conduct of Red Food personnel, he recommended that a hearing be held on the conduct of Mayfield supervisory personnel. Mayfield filed exceptions to the report, and the NLRB concluded that a hearing should be held on the objections. The hearing was scheduled for January 23, 1979.

At the same time the Mayfield certification election proceedings were progressing, an unfair labor practice charge was filed against Red Food by an employee, Anna B. Guthrie.[2] After investigation, the Regional Director refused to issue a complaint concerning Guthrie's discharge, but, on June 2, 1978, he issued a Complaint and Notice of Hearing alleging that Red Food violated Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act by its activities directed at discouraging Mayfield employees from supporting the Union.[3]

Red Food, on June 5, 1978, requested copies of "all written statements of witnesses in possession of the [NLRB] or under its control" in the Guthrie case. This request was first denied by the Regional Director, and, on appeal to the NLRB's General Counsel, again denied except for formal

documents constituting the record in the Guthrie case. Red Food then filed a complaint in district court seeking injunctive relief against the NLRB, alleging that the Freedom of Information Act, 5 U.S.C. § 552, entitled it to the information it desired.

The NLRB moved to dismiss the complaint, and on November 3, 1978, the district court issued an order granting the motion insofar as it related to witness statements in the Red Food unfair labor practice proceeding file, but enjoining the NLRB from proceeding with the Red Food unfair labor practice hearing unless it produced the statements in the Mayfair representation election file five days prior to the hearing. The NLRB appeals from that part of the order granting injunctive relief.

If Red Food were seeking documents in its own representation election hearing file, this case would be squarely controlled by our recent decision in *Clements Wire, supra,* which applied to representation election proceedings the holding of *N. L. R. B. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) that witness statements need not be disclosed prior to unfair labor practice hearings.[4] *See Anderson Greenwood, supra.* Red Food argues that a different result is appropriate here because the documents are being sought, not by the witnesses' employer, but by a party with no interest in the representation proceeding. We fail to see how this difference mandates a different result under the circumstances of this case.

In *Robbins Tire, supra,* 98 S.Ct. at 2325, the Supreme Court recognized the possibility of coercion and intimidation of witnesses as the most obvious risk of "interference

---

**2.** Guthrie alleged that Red Food had discriminated in regard to the hire and tenure of employment and to the terms and conditions of employment in order to discourage membership in a labor organization, in violation of §§ 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (a)(3).

**3.** Specifically, the Complaint alleged that agents of Red Food threatened and interrogated Mayfield employees, solicited their withdrawal of support from the Union, and reduced the

shelf space provided Mayfield employees and imposed more onerous working conditions on them because of their support for the Union.

**4.** Our holding in *Clements Wire,* decided since the briefs were filed, effectively disposes of Red Food's primary argument, to wit, that *Robbins Tire* should be limited to witness statements taken in connection with unfair labor practice proceedings.

with enforcement proceedings" in the context of NLRB hearings.[5] Here, the possibility that Mayfield employees were intimidated and coerced by Red Food managers is precisely one of the major issues to be investigated at the representation election hearing.[6] Thus, far from Red Food's contention that the "danger of witness intimidation . . . is not present here," Brief for Appellee at 15, intimidation and coercion of Mayfield employees is the central focus of the NLRB's inquiry.

It is undeniably true that Red Food is not the employer of the Mayfield employees whose statements are sought by Red Food. Thus, some of the more obvious forms of intimidation, such as the power to fire an employee, and to make changes in hours, salaries, and job assignments, see *Robbins Tire, supra*, 98 S.Ct. at 2326, are not of concern here. However, Red Food is charged with having, through its agents, reduced the shelf space provided Mayfield employees and imposed more onerous working conditions on them. Pressures like these can influence employees' attitudes and inhibit their statements no less than the direct pressures of their employer.

Moreover, the chilling effect on the NLRB's sources noted in *Robbins Tire, supra*, 98 S.Ct. at 2326, created by premature disclosure of the statement of a potential witness, is no less present if the party seeking disclosure of the statement is not his employer. A witness, whether he wishes to maintain complete confidentiality or simply is unwilling to " 'get too involved' unless absolutely necessary," see *id.*, is likely to be much less willing to speak his mind if he fears that his statements will be disclosed.

We thus conclude that the district court erred in directing the NLRB, prior to conducting a hearing on the unfair labor practice charge against Red Food, to disclose statements in the Mayfield representation election file. The district court's order is

therefore reversed insofar as it directed such disclosure; in other respects, it is affirmed.

REVERSED in PART and AFFIRMED in PART.

---

5. 5 U.S.C. § 552(b)(7)(A) exempts from disclosure investigatory records compiled for law enforcement purposes to the extent that such records would interfere with enforcement proceedings.

6. Moreover, the unfair labor practice proceeding pending against Red Food also involves intimidation of Mayfield employees by agents of Red Food.