EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

TOWNLEY ENGINEERING & MANUFACTURING CO., Defendant.

No. CIV 86–1156 PHX–EHC.

United States District Court, D. Arizona.

May 11, 1987.

Mary Joleen O'Neill, E.E.O.C., Phoenix, Ariz., for plaintiff.

Horace Edward Dean, Ocala, Fla., for defendant.

## ORDER

CARROLL, District Judge.

Plaintiff Equal Opportunity Employment Commission has brought this action under Title VII against Defendant Townley Engineering & Manufacturing Co. [Townley], on behalf of Louis Pelvas, a former employee of Townley. The complaint alleges that Townley engaged in an unlawful employment practice by requiring its employees to attend devotional services and that because of this practice Pelvas, a claimed atheist, was constructively discharged. Townley

admits its mandatory devotional services but argues that this practice is not unconstitutional and further denies that Pelvas was constructively discharged.

In its motion for summary judgment, EEOC has moved to permanently enjoin Townley from requiring its employees' attendance at devotional services, to reinstate Pelvas, and to award Pelvas back pay. In its crossmotion for summary judgment, Townley has moved to enjoin EEOC from interfering with its devotional services, asserting that it is exempt from the operation of Title VII as a "religious corporation" and for declaratory judgment that Townley is a religious corporation under 28 U.S.C. section 2201. Townley has requested a jury trial on these issues.

The motions have been fully briefed and oral argument was heard.

*Discussion*

■ I find that Townley has engaged in unlawful employment practices. An employer must accommodate an employee's religious beliefs or lack thereof, unless the employer can demonstrate that it is unable do so without "undue hardship on the conduct of the employer's business." 42 U.S.C. section 2000e(j); *Young v. Southwestern Savings & Loan Ass'n,* 509 F.2d 140 (5th Cir.1975). Clearly, accommodating Pelvas's asserted atheistic beliefs would not have created an undue business hardship for Townley. Excusing Pelvas from the mandatory devotional services would have cost Townley nothing in the operation of its business activities, and would not have disrupted other workers. *See Tooley v. Martin–Marietta Corp.,* 648 F.2d 1239, 1243 (9th Cir.1981), *citing Anderson v. General Dynamics Convair Aerospace Division,* 589 F.2d 397, 406–07 (9th Cir. 1978) *cert. denied,* 442 U.S. 921, 99 S.Ct. 2848, 61 L.Ed.2d 290 (1979).

■ The religious corporation exemption must be narrowly construed. *See 42 U.S. C. 2000e–1.* The state may not favor religious groups when "they themselves choose to be submerged, for profit or power, in the 'all-embracing secularism' of the corporate economy." *King's Garden, Inc. v. F.C.C.,* 498 F.2d 51, 56 (D.C.Cir.), *cert.* *denied,* 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed. 2d 269 (1974). Townley is not a religious organization within the purview of the statutory exceptions or relevant case authority.

■ Townley is a closely held for-profit corporation headquartered in Florida, with plants in several other states. Townley's Eloy, Arizona plant is the site of this complaint. Townley's founders, Jake and Helen Townley [the Townleys], are born-again Christians, and are devoted to charitable works and sharing their religious gospel.

The corporation's purpose, as stated in the articles of incorporation, is the manufacture of mining equipment. There is no mention of a religious purpose. Townley also has not sought a tax exemption under 26 U.S.C. section 501(c)(3).

While the term "religious corporation" has not been defined by the case law, it is clear that any reasonable construction of the exemption would not include a for-profit corporation whose only religious characteristic is the beliefs of its stockholders. *See EEOC v. Fremont Christian School,* 781 F.2d 1362 (9th Cir.1986) (religious school was not exempt from application of Title VII to discriminatory benefit practices on the basis of sex); *EEOC v. Pacific Press Publ. Ass'n.* 676 F.2d 1272 (9th Cir. 1982) (non-profit religious publishing house was not exempt from application of Title VII to discriminatory sexually-based compensation practices); *EEOC v. Mississippi College,* 626 F.2d 477 (5th Cir.1980), *cert. denied,* 453 U.S. 912, 101 S.Ct. 3143, 69 L.Ed.2d 994 (1981) (relationship between religious education institution and its faculty was not exempt from application of Title VII).

■ Even if Townley is a religious corporation, the relationship between the job performed by Pelvas and the "religious tenets" of Townley is insufficient to support a religious activities exemption. A three prong test for use as an analytical framework for determining, in the context of a First Amendment discrimination suit, whether an activity is religious is stated in *Amos v. Corporation of Presiding Bishop,* 594 F.Supp. 791, 799 (D.Utah 1984) [*Amos*

*I*] and 618 F.Supp. 1013 (D.Utah 1985) [*Amos II*], *appeal pending,* —— U.S. ——, 107 S.Ct. 396, 924, 1276, 93 L.Ed.2d 350 (1986). See also 55 U.S.L.W. 3615 (March 17, 1987). I consider this test appropriate to the instant case.

The Townley corporation might meet the first prong, that of a close tie between the religious organization and the activity at issue—the plant in Eloy—with regard to areas such as financial affairs, day-to-day operations and management. *Amos I,* 594 F.Supp. at 799.

Under the *Amos I* test, if there is a substantial connection between the primary function of the activity in question and the religious rituals or tenets of the religious organization and a close tie under the first prong, then the activity is religious. *Id.* Here the primary function of Townley is the manufacture of mining equipment and making a profit. Assuming relevance to the Townleys' religious beliefs, they have not asserted that one of the tenets of their religion is to make profits by manufacturing mining equipment. The fact that those profits may, in part, be committed to religious purposes does not serve to convert the secular corporation into a religious institution. The nexus between the religious tenets of the Townley's and the activity at issue is tenuous at best.

If the first test is either close or remote and the nexus in the second prong is tenuous or non-existent, then the court must consider the relationship between the nature of the job the employee is performing and the religious rituals or tenets of the organization. *Amos I,* 594 F.Supp. at 799. Pelvas is a machine tool operator. He has no duties involving the performance of religious rituals.

To apply the religious activities exemption so as to allow "religious discrimination in secular, non-religious activities is to advance religion in violation of the establishment clause of the first amendment to the United States Constitution." *Id.* at 828. A court may determine what constitutes religious activity, without creating excessive governmental entanglement with religion in violation of the First Amendment. *Id.* at 814. *See also Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971) (three tests for determining whether a statute violates the Establishment Clause: (1) secular legislative purpose; (2) principal or primary effect neither advances nor inhibits religion; and (3) does not "foster an excessive governmental entanglement with religion").

A determination of what is religious activity and what is not does not affect "the decisions of the highest judicatories of a religious organization of hierarchical polity on matters of discipline, faith, internal organization, or ecclesiastical rule, custom, or law."

*Amos I,* 594 F.Supp. at 814, *citing Serbian Eastern Orthodox Diocese for the United States and Canada v. Milivojevich,* 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976). Clearly, mine equipment manufacturing operations are not religious activities, so applying Title VII to this activity is proper, regardless of whether Townley is a religious organization.

This court does not resolve the issue of whether Townley has free exercise rights, because it is clear that Townley's free exercise rights would not be violated, assuming that it had them. The Ninth Circuit considered the magnitude of Title VII's impact on the exercise of a religious belief in *EEOC v. Fremont Christian School,* 781 F.2d at 1367, and concluded that the statute did not violate the Free Exercise Clause.

■ A material fact issue exists as to whether Mr. Pelvas was constructively discharged. Pelvas was not overtly disciplined for his objection to the devotional services. *See Philbrook v. Ansonia Bd. of Educ.,* 757 F.2d 476, 481 (2d Cir.1985), *rev'd on other grounds,* —— U.S. ——, 107 S.Ct. 367, 93 L.Ed.2d 305 (1986). Defendant asserts that Pelvas's job in Eloy was terminated because the machines that Pelvas worked on were being transferred to Florida. EEOC has not shown that Townley lacked a valid business reason for this move. Nor has evidence been presented by way of as affidavit that Pelvas was otherwise prejudiced in his employment with

Townley due to his claimed atheistic beliefs.

■ This Court lacks jurisdiction over defendant's counterclaim for declaratory relief. Title 28, United States Code, section 2201 does not provide an independent basis for subject matter jurisdiction. Nor can the United States be sued unless it consents to such suit. *Honda v. Clark*, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967). Such consent cannot be derived from Title VII.

■ Jury trials are allowed for claims where compensatory and punitive damages are the remedy, as well as claims arising under a statute which specifically provides for trial by jury. Defendant asserts that its counterclaim for declaratory relief entitles it to a jury trial. Contrary to defendant's assertions, 28 U.S.C. section 2201 does not provide for an independent right to a jury trial. When an issue is common to both legal and equitable claims in the same proceeding, it must be tried first to a jury. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). But a jury trial is not required in a proceeding seeking purely equitable relief. Neither the counterclaim nor the original complaint asserts a legal claim. Because no legal claim has been asserted, and there is no right to a jury trial on purely equitable claims, Townley is not entitled to a jury trial.

Accordingly,

IT IS ORDERED granting plaintiff's motion for summary judgment on the allegation of unlawful employment practices, permanently enjoining Townley from continuing mandatory devotional exercises for its employees at its Eloy, Arizona plant, and dismissing defendant's counterclaim for declaratory relief for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

IT IS FURTHER ORDERED denying plaintiff's motion for reinstatement and back pay, the court having found that a material fact issue exists as to whether Pelvas was constructively discharged as well as whether he terminated his employment for other than religious reasons.

IT IS FURTHER ORDERED denying as moot plaintiff's motion to strike, the court not having relied on the challenged portions of the Gamez and Scott affidavits in ruling on the issue of constructive discharge. Affidavits submitted after the hearing on March 9, 1987, were not determinative of any issue in this proceeding and were not considered in ruling on the motions for summary judgment.

IT IS FURTHER ORDERED denying defendant's motion for jury trial, neither the complaint nor counterclaim having stated any legal issues triable to a jury.

IT IS FURTHER ORDERED requiring on or before August 28, 1987, the parties to file with the Court their proposed pretrial order pursuant to Local Rule 42(C).