946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
TOWNLEY ENGINEERING & MANUFACTURING COMPANY, Defendant-Appellant.
 No. 88-2566.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1991.*
Decided Oct. 9, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Townley Engineering & Manufacturing Company (Townley) appeals the district court's order which held it in contempt for failing to obey an earlier order which enjoined Townley from continuing to conduct mandatory religious services for its employees. We affirm in part and vacate in part.
 
 
 3
 The background of this case is well recounted in published opinions. See EEOC v. Townley Eng'r & Mfg. Co., 859 F.2d 610 (9th Cir.1988), cert. denied, 489 U.S. 1077, 109 S.Ct. 1527, 103 L.Ed.2d 832 (1989); EEOC v. Townley Eng'r & Mfg. Co., 675 F.Supp. 566 (D.Ariz.1987). We need not retell it here.
 
 
 4
 Suffice it to say that the district court found that after Townley was enjoined from conducting mandatory services, it continued to do so. After a hearing the district court held Townley in contempt and imposed a number of conditions. Most of those conditions were of a civil nature: approval of a proper plan for devotional services was to be submitted before more were conducted; the employee handbook was to be modified; all employees were to be notified; notices were to be posted; access to the premises was to be provided to the Equal Employment Opportunity Commission (EEOC); and each subsequent violation was to result in imposition of a $10,000 fine. In addition, the district court imposed a $10,000 fine for the previous violations.
 
 
 5
 Townley argues that the original injunction against it was vague, and asserts that the mere fact that the district court gave further explicit directions in its contempt finding tends to prove vagueness. That contention is without merit. Of course, it can be expected that a court will become even more exact when it detects an intention on the part of an enjoined party to evade the original orders. See United States v. Bayshore Assocs., Inc., 934 F.2d 1391, 1394, 1398-99 (6th Cir.1991). That is precisely what the court did, and properly so.
 
 
 6
 Townley also argues that the evidence was not sufficient to sustain a civil contempt judgment. We have reviewed the record and find that assertion to be equally meritless.
 
 
 7
 More pertinently, Townley asserts that the $10,000 fine for past wrongdoing was criminal in nature rather than civil. Townley is right about that, and the EEOC concedes as much. See Penfield Co. v. Securities & Exch. Comm'n, 330 U.S. 585, 67 S.Ct. 918, 91 L.Ed. 1117 (1947); Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 443-44, 31 S.Ct. 492, 498-99, 55 L.Ed. 797 (1911); Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 779 (9th Cir.1983). We must, therefore, strike down the criminal exaction.
 
 
 8
 Townley, however, asks for more. It notes that review of a matter on appeal has been said to be determined by the criminal feature. See Penfield, 330 U.S. at 590, 67 S.Ct. at 921; Falstaff, 702 F.2d at 778-79. It is correct. From that premise it reasons that the whole proceeding below must have been a criminal proceeding, as a result of which it must fall in its entirety because it was conducted in a civil form. In that respect Townley is in error. True it is that where a proceeding leads entirely (or almost entirely) to a criminal mulct of the offender it must be looked upon as a proceeding essentially criminal in nature. See Falstaff, 702 F.2d at 779. However, when the proceeding is civil in all respects save the addition of a single improper criminal penalty, the correct approach is to strike the criminal penalty and allow the remainder of the civil judgment to stand. See Penfield, 330 U.S. at 595, 67 S.Ct. at 923; United States v. Professional Air Traffic Controllers Org., 678 F.2d 1, 5 (1st Cir.1982); Cliett v. Hammonds, 305 F.2d 565, 570-71 (5th Cir.1962).
 
 CONCLUSION
 
 9
 The portion of the district court order imposing a $10,000 fine for Townley's past violations of the injunction is set aside. In all other respects the order of the district court is affirmed. The parties shall bear their own costs on appeal.
 
 
 10
 AFFIRMED in part and VACATE in part.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3