[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15377
_____

D.C. Docket No. 1:12-cv-23817-DTKH

JOHN FERGUSON,

Petitioner - Appellee,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 22, 2012)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner John Ferguson is a death row inmate scheduled to be executed on October 23, 2012. On October 19, 2012, Ferguson filed an emergency motion for a stay of execution and a petition for writ of habeas corpus in the district court. In both his motion and his petition for habeas relief, Ferguson contends that the

1

Florida state courts misapplied United States Supreme Court precedent when they determined that he is competent to be executed.

On October 20, 2012, the district court stayed Ferguson's execution. The Secretary of the Florida Department of Corrections promptly filed an emergency motion to vacate the order, alleging that the district court applied the incorrect legal standard when it granted the stay. "The standard of review of a stay of execution issued by a district court is abuse of discretion." Hauser ex rel. Crawford v. Moore, 223 F.3d 1316, 1321 (11th Cir. 2000).

We agree with the Secretary that the district court abused its discretion. "A stay of execution is equitable relief" which a court may grant "only if the moving party shows that: (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest." DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011) (internal quotation marks omitted). The district court did not consider any of these factors when it granted the stay. Instead, after a lengthy and thorough discussion of jurisdiction, the district court summarily concluded that "[a] stay of execution [was] necessary to permit a 'fair hearing'" on Ferguson's claim. Because that statement does not reflect the correct legal standard, the district court abused its discretion when it granted the stay. See Siebert v. Allen, 506 F.3d 1047,

2

1049 n.2 (11th Cir. 2007) ("[Abuse of discretion] review will lead to reversal . . . if the district court applies an incorrect legal standard . . . .").

It would also have been an abuse of discretion to hold that Ferguson "has a substantial likelihood of success on the merits" of his claim. DeYoung, 646 F.3d at 1324. The Governor of Florida appointed a commission of three psychiatrists to determine whether Ferguson is competent to be executed, and the commission unanimously found that he is. A state trial court then conducted a full and fair evidentiary hearing and found Ferguson competent to be executed. The Florida Supreme Court unanimously affirmed the finding of the trial court. Ferguson has failed to identify clear and convincing evidence upon which the district court could decide that the state court unreasonably determined that Ferguson is competent to be executed. See Rutherford v. Crosby, 385 F.3d 1300, 1306 (11th Cir. 2004) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." (quoting 28 U.S.C. § 2254(d))).

Ferguson also argues that the decision of the Florida Supreme Court was based on an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d)(1), established in Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595 (1986) and refined in Panetti v. Quarterman, 551 U.S. 930, 127 S. Ct. 2842 (2007), but we disagree. The Florida Supreme Court explained that the standard is

3

"whether there is competent, substantial evidence to support the trial court's determination that Ferguson's mental illness does not interfere with his rational understanding of the fact of his pending execution."  And the court affirmed the finding that Ferguson has this rational understanding.  Ferguson fails to explain how the Florida Supreme Court unreasonably applied clearly established federal law when it found that Ferguson is competent to be executed.

We **VACATE** the stay.

CARNES, Circuit Judge, concurring:

I fully concur in the Court's per curiam opinion and write separately to answer Judge Wilson's criticism that we should let the district court decide in the first instance whether to stay the execution under the correct legal standard applicable to stays and then allow the losing party to move for us to overturn that decision. There is no point in allowing that circuitous process because we know that under the correct principles of law and the facts established in the state courts any stay of execution on the asserted grounds would be an abuse of discretion. In the past this Court has declined to give a district court another opportunity to decide a matter so it could apply the correct legal principles where all results but one would be an abuse of discretion. See Solantic, LLC v. City of Neptune Beach, 410 F.3d 1250, 1254, 1272-74 (11th Cir. 2005) (holding that the district court abused its discretion in denying a preliminary injunction, and concluding that there was "no point in remanding the case" because it was altogether clear that the plaintiff would succeed on the merits of its First Amendment claims); Meek v. Metro. Dade Cnty., Fla., 985 F.2d 1471, 1478 (11th Cir. 1993) (concluding that, although the district court's decision was reviewed only for an abuse of discretion, "we have no need to remand the case for the district court to further consider it because the record clearly shows that only one result would satisfy the standard of review"), abrogated on other grounds by Dillard v. Chilton Cnty. Comm'n, 495

5

F.3d 1324 (11th Cir. 2007); <u>Pelletier v. Zweifel</u>, 921 F.2d 1465, 1514 n.87 (11th Cir. 1991) (holding that the district court abused its discretion in declining to impose sanctions under Fed. R. Civ. P. 11, and concluding that remand was unnecessary because the record "demonstrates beyond any question that Rule 11 sanctions are in order"), <u>abrogated on other grounds by</u> <u>Bridge v. Phoenix Bond & Indem. Co.</u>, 553 U.S. 639, 128 S.Ct. 2131 (2008); <u>Clements Wire & Mfg. Co. v. NLRB</u>, 589 F.2d 894, 897-98 (5th Cir. 1979) (finding it "apparent that appellee will not succeed on the merits of its action," and thus vacating a grant of a preliminary injunction and remanding "with instructions to the district court to enter a judgment consistent with this opinion").  We are also mindful, as Judge Godbold noted nearly thirty years ago, "[e]ach delay, for its span, is a commutation of a death sentence to one of imprisonment."  <u>Thompson v. Wainwright</u>, 714 F.2d 1495, 1506 (11th Cir. 1983); <u>accord</u> <u>McNair v. Allen</u>, 515 F.3d 1168, 1176 (11th Cir. 2008).

WILSON, Circuit Judge, concurring in part and dissenting in part:

I agree that the stay of execution should be vacated because the district applied the wrong legal standard.  However, our order puts the cart before the horse: we are premature in determining that Ferguson has no substantial likelihood of success on the merits of his claim that the Florida courts erroneously found him competent to be executed.  We should give the district court the initial opportunity to make its decision before we review it.  As Justice Kennedy wrote for the majority in Panetti v. Quarterman:

> It is proper to allow the court charged with overseeing the development of the evidentiary record in this case the initial opportunity to resolve petitioner's constitutional claim.  These issues may be resolved in the first instance by the District Court.

551 U.S. 930, 962, 127 S. Ct. 2842, 2863 (2007).

The cases cited by Judge Carnes for the proposition that we should decline to give the district court the opportunity to apply the correct legal standard are inapposite because they (1) relied on a thorough district court record, which we do not have here; and (2) do not concern habeas corpus death cases.

Moreover, I have doubts about whether the Florida courts correctly applied Panetti.

Therefore, I would vacate the stay and remand the matter back to the district court to consider Ferguson's claim using the correct legal standard.

7