CARNES, Circuit Judge,
concurring:
I fully concur in the Court’s per curiam opinion and write separately to answer Judge Wilson’s criticism that we should let *28 the district court decide in the first instance whether to stay the execution under the correct legal standard applicable to stays and then allow the losing party to move for us to overturn that decision. There is no point in allowing that circuitous process because we know that under the correct principles of law and the facts established in the state courts any stay of execution on the asserted grounds would be an abuse of discretion. In the past this Court has declined to give a district court another opportunity to decide a matter so it could apply the correct legal principles where all results but one would be an abuse of discretion. See Solantic, LLC v. City of Neptune Beach, 410 F.3d 1250, 1254, 1272-74 (11th Cir.2005) (holding that the district court abused its discretion in denying a preliminary injunction, and concluding that there was “no point in remanding the case” because it was altogether clear that the plaintiff would succeed on the merits of its First Amendment claims); Meek v. Metro. Dade Cnty., Fla., 985 F.2d 1471, 1478 (11th Cir.1993) (concluding that, although the district court’s decision was reviewed only for an abuse of discretion, “we have no need to remand the case for the district court to further consider it because the record clearly shows that only one result would satisfy the standard of review”), abrogated on other grounds by Dillard v. Chilton Cnty. Comm’n, 495 F.3d 1324 (11th Cir.2007); Pelletier v. Zweifel, 921 F.2d 1465, 1514 n. 87 (11th Cir.1991) (holding that the district court abused its discretion in declining to impose sanctions under Fed.R.Civ.P. 11, and concluding that remand was unnecessary because the record “demonstrates beyond any question that Rule 11 sanctions are in order”), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008); Clements Wire & Mfg. Co. v. N.L.R.B., 589 F.2d 894, 897-98 (5th Cir.1979) (finding it “apparent that appellee will not succeed on the merits of its action,” and thus vacating a grant of a preliminary injunction and remanding “with instructions to the district court to enter a judgment consistent with this opinion”). We are also mindful, as Judge Godbold noted nearly thirty years ago, “[e]ach delay, for its span, is a commutation of a death sentence to one of imprisonment.” Thompson v. Wainurright, 714 F.2d 1495, 1506 (11th Cir.1983); accord McNair v. Allen, 515 F.3d 1168, 1176 (11th Cir.2008).