

support of the search warrant was insufficient. The parties have stipulated that we may do this on the original record and briefs.

We find that the affidavit supporting the search warrant showed that all the information came from law enforcement officers, who informed the Customs Agent making the affidavit that (1) the addressees on the package were known dealers in the illegal traffic of gold coins, (2) the return address on the package was an unoccupied house, (3) the person who mailed the package in Washington was driving an automobile with Canadian license plates, (4) Van Leeuwen, when he mailed the package, told the Postal Clerk that the package contained coins, and (5) Van Leeuwen insured the package for $10,000.

This information supplied an ample basis for the issuance of a search warrant. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Porter v. United States, 335 F.2d 602 (9th Cir. 1964).

The District Court judgment is affirmed.

James E. Lehan, Tampa, Fla., A. Frank O'Kelley, Tallahassee, Fla., for defendants-appellants.

C. DuBose Ausley, Tallahassee, Fla., Charles H. Kirbo, A. Felton Jenkins, Jr., Atlanta, Ga., for plaintiff-appellee.

Roy T. Rhodes, Tallahassee, Fla., for Nye Systems, Inc.

Before JONES, WISDOM, and COLEMAN, Circuit Judges.

**OXFORD INDUSTRIES, INC.,**
Plaintiff-Appellee,

v.

**NYE SYSTEMS, INC., et al., Defendants,**
**Dave Doolittle et al., Defendants-**
Appellants.

No. 29162.

United States Court of Appeals,
Fifth Circuit.

June 17, 1970.

PER CURIAM.

Oxford Industries, Inc., filed suit to enjoin Doolittle and Williges, two former employees, from breaching their employment contracts containing an agreement not to compete with Oxford in certain areas for one year after termination of their employment. The parties stipulated that the signatures on the contracts were the signatures of Doolittle and Williges. Notwithstanding this stipulation and admissions in their testimony that they signed the contracts (after having first denied signing), the defendants testified that they did not "knowingly" sign the employment contracts. Neither Doolittle nor Williges presented any evidence to

explain how his signature came to appear on his contract. The district court held that in the absence of any proof of accident, fraud, or mistake, the defendants were bound by their contracts. The court held that the contracts were enforceable under Florida law and granted a preliminary injunction against the defendants.

The only question for review is whether the trial court abused its discretion in granting the preliminary injunction against the defendants-appellants. We hold that there was no abuse of discretion; the record amply supports the issuance of the injunction. There is no merit to any of the defendants' contentions.

The judgment is affirmed.

---

**Max DRITZ as Administrator of the Estate of Max Dritz and of Helen Dritz, Deceased, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 28966.**

United States Court of Appeals, Fifth Circuit.

June 17, 1970.

Sidney A. Soltz, Miami, Fla., for appellants.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Div., U.S. Dept. of Justice, K. Martin Worthy, Chief Counsel, Richard P. Milloy, Thomas L. Stapleton, Gary R. Allen, Attys., Internal Revenue Service, Washington, D. C., for appellee.

Before JONES, WISDOM, and COLEMAN, Circuit Judges.

PER CURIAM:

Largely because they failed to file federal income tax returns for the calendar years of 1962 and 1963, Max Dritz and his wife, Mrs. Helen Dritz, fell into a sea of difficulties with the Commissioner of Internal Revenue with reference to tax liabilities for the years 1958 to 1963. They filed four petitions in the United States Tax Court for redetermination of the deficiencies asserted against them. The cases were consolidated. The liability of the taxpayers was determined in findings of fact and an opinion of the Tax Court issued on August 27, 1969.[1]

The taxpayers produced no records or documentation as to their income for the years in suit. Max Dritz did not testify. Mrs. Dritz testified, but the Court found her testimony to be evasive, inconsistent, and generally implausible.

We are now asked to reverse the Tax Court on the argument that the determinations of the Commissioner of Internal Revenue were arbitrary, that this put the burden of proof as to the various issues on the Commissioner, and hence

1. Paragraph 69, 175 P-H Memo TC.