**Joseph Di GIORGIO et al.,
Plaintiffs-Appellees,**

v.

**Leon N. CAUSEY, Sr., Judge, Circuit Court, Greene County, Mississippi, et al., etc., Defendants-Appellants.**

**No. 73–1814.**

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1973.

Heber Ladner, Jr., Sp. Asst. Atty. Gen., of Miss., Jackson, Miss., for Maples and Rayburn Hillman.

Horton Hillman, Leakesville, Miss., for Causey and Horton Hillman.

Dixon L. Pyles, Carolyn Gentele, Jackson, Miss., David Jaffe, Howard Schulman, New York City, for plaintiffs-appellees.

Before BELL, COLEMAN and RONEY, Circuit Judges.

**528**

COLEMAN, Circuit Judge:

In the total context, this appeal comes to us in a very odd posture.

It is not an appeal from a final judgment, 28 U.S.C., § 1291, but, rather is from an order of the United States District Court granting a preliminary injunction, 28 U.S.C., § 1292(a)(1).

So far as the record reveals, no final judgment has ever been entered. Yet the parties have briefed and argued the appeal as if it were from a final judgment on the merits.

Shorn of things had and done and about which there is no appeal, this was a suit in the United States District Court to set aside a default civil judgment previously entered in a Mississippi State Circuit Court. It was asserted that the state court judgment was void because (1) the defendant against whom it was entered was not a juridical entity, (2) the attempted service of process was constitutionally repugnant, and (3) the attempted process, under the Mississippi Long Arm Statute, was wholly unauthorized by that statute.

The District Court held a hearing, heard witnesses, and rendered an extensive opinion which set forth the disposition which ought to be made of every contention appearing in the case. Even so, this resulted not in a permanent injunction, or a final judgment in any form. To the contrary, an order was entered, granting a preliminary injunction, phrased as follows:

"Pending further orders of this Court that a preliminary injunction be and the same is hereby issued as follows:"

(a) The County Circuit Clerk shall forthwith expunge the judgment in question from the judgment rolls of the state circuit court;

(b) The judgment creditor and his attorney shall not seek to enforce said judgment in any court;

(c) The plaintiffs shall give the bond required by Rule 65(c) of F.R.Civ.P.;

(d) The motions of the Circuit Clerk, the state judgment creditor, and his attorney to dismiss the complaint are denied.

Seven days later, notice of appeal was filed from the "Order Granting a Preliminary Injunction against the defendants".

■■ We note at the outset that the District Court by preliminary injunction should not have ordered the expungement of a final state court judgment. An expungement is a final, if not irretrievable, act. It should come only as a matter of granting permanent injunctive relief. The same effect could have been accomplished by preliminarily enjoining the issuance of any writ of execution thereon or any certified copy thereof. The beneficiaries of the judgment had been enjoined from seeking to enforce it. We assume that the expungement was ordered by inadvertence.

■ The next thing we need to point out is that an appeal from the issuance or denial of a preliminary injunction is ordinarily no way to obtain appellate disposition of a case on its merits. This Court is, with more and more frequency, encountering appeals from such actions. We note that while such appeals are pending the general tendency is to allow the case on the merits to lie dormant. Then, after the lapse of considerable time, it is found that two appeals are required for the disposition of the case. This causes frustration attributed to judicial delays, when the fault lies not with the judiciary, beleaguered though it is by an unprecedented torrent of cases.

This, however, is not a major consideration.

■ The one fact which litigants and their counsel should not overlook is that on an appeal from a preliminary injunction this Court does not concern itself with the merits of the controversy, J. M. Fields of Anderson, Inc. v. Kroger Company, 5 Cir., 1962, 310 F.2d 562; Tatum v. Blackstock, 5 Cir., 1963, 319 F.2d 397. The only question for the reviewing court in such a case is whether the District Court has clearly fallen into a legal abuse of discretion, United States v. Ed-

wards, 5 Cir., 1964, 333 F.2d 567. No attention is paid to the merits of the controversy beyond that necessary to determine the presence or absence of an abuse of discretion, City of Des Moines, Iowa v. Continental Ill. National Bank and Trust Company, 8 Cir., 1953, 205 F. 2d 729. See, also, Brewer v. Huger, 5 Cir., 1966, 358 F.2d 739; Oxford Industries, Inc. v. Nye Systems, Inc., 5 Cir., 1970, 427 F.2d 1175; Quarles v. Oxford Municipal Separate School District, 5 Cir., 1971, 439 F.2d 261.

The instant appeal deals with a preliminary injunction which was granted. In a recent case, however, in which an injunction was denied, this Court clearly marked out some plain guidelines, Blackshear Residents Organization v. Romney, 5 Cir., 1973, 472 F.2d 1197. It was there stated:

"[1, 2] On review of the denial of preliminary injunctive relief our role is limited to determining whether the district court abused its discretion. See Eli Lilly & Co. v. Generix Drug Sales, Inc., 5 Cir. 1972, 460 F.2d 1096, 1099; Croskey Street Concerned Citizens v. Romney, 3 Cir. 1972, 459 F.2d 109, 110; DeBremaecker v. Short, 5 Cir. 1970, 433 F.2d 733, 735; Bayless v. Martine, 5 Cir. 1970, 430 F.2d 873, 877. The factors to be considered in determining whether preliminary injunctive relief is appropriate are: (1) whether the plaintiff is likely to prevail on the merits; (2) whether the plaintiff is in danger of suffering irreparable harm; (3) whether the potential harm to the defendant from issuance of the injunction outweighs the possible harm to the plaintiff if injunctive relief is denied; (4) whether issuance of a preliminary injunction will serve the public interest. See North Avondale Neighborhood Ass'n v. Cincinnati Metropolitan Housing Authority, 6 Cir. 1972, 464 F.2d 486; Croskey Street Concerned Citizens v. Romney, *supra*, 459 F.2d at 111–112

(Aldisert, J., concurring); Bayless v. Martine, *supra*, 430 F.2d at 877; Perry v. Perry, 1951, 88 U.S.App.D.C. 337, 190 F.2d 601, 602; 7 J. Moore, Moore's Federal Practice ¶ 65.04 [1]– [2] (2d ed. 1972)."

 Except for ordering an expungement of the state court judgment, the preliminary injunction which generated this appeal was not an abuse of discretion.

The preliminary injunction expunging the state court judgment is reversed.

In all other respects the judgment of the District Court is affirmed.