United States Court of Appeals,

Eleventh Circuit.

Nos. 96-4260, 96-4393.

CARILLON IMPORTERS, LTD., Plaintiff-Intervenor-Defendant-Appellee,

v.

FRANK PESCE INTERNATIONAL GROUP LIMITED, Frank Pesce Group, Inc., Frank Pesce, Lion Fine Wines, Inc., Defendants-Appellants,

Michael ROUX, Intervenor-Defendant,

v.

MOSCOW DISTILLERY CRISTALL, Intervenor-Plaintiff.

CARILLON IMPORTERS, LTD., Plaintiff-Intervenor-Defendant, Counter-Defendant-Appellee,

v.

FRANK PESCE INTERNATIONAL GROUP LIMITED, Frank Pesce Group, Inc., Frank Pesce, Lion Fine Wines, Inc., Defendants-Counter-Claimants-Appellants,

Michael ROUX, Intervenor-Defendant,

v.

MOSCOW DISTILLERY CRISTALL, Intervenor-Plaintiff.

May 15, 1997.

Appeals from the United States District Court for the Southern District of Florida. (No. 95-1795-CV-DTKH), Daniel T.K. Hurley, Judge.

Before COX and BARKETT, Circuit Judges, and SMITH[*], Senior Circuit Judge.

PER CURIAM:

This is a consolidated appeal from the district court's order preliminarily enjoining appellants from continued trade dress

---

[*]Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

infringement and the district court's order fixing the amount of the injunction bond. *Carillon Importers, Ltd. v. Frank Pesce Group, Inc.,* 913 F.Supp. 1559 (S.D.Fla.1996) (order granting preliminary injunction). We affirm.

Since 1994, Carillon Importers, Ltd. ("Carillon"), has been the exclusive importer and distributor of Stolichnaya Cristall Vodka into the United States. In 1995, the Frank Pesce Group, Inc. and its related companies ("Pesce Group"), began importing and distributing another line of vodka into the United States bearing the name Cristall Moscow Signature Series. In conjunction with an action brought by Carillon alleging, *inter alia,* trade dress infringement in violation of Section 43(a) of the Lanham Act, [1] Carillon moved for a preliminary injunction to bar the Pesce Group from further alleged infringement of the trade dress at issue.[2] The Pesce Group contends that the district court failed to make the necessary findings of fact and conclusions of law required in order to grant a preliminary injunction. In addition, the Pesce Group contends that the district court abused its discretion in setting the amount of the preliminary injunction bond.

The grant or denial of a preliminary injunction is a decision within the discretion of the district court. *See United States v. Lambert,* 695 F.2d 536, 539 (11th Cir.1983). For preliminary

---

[1] 15 U.S.C. 1125(a).

[2] "Trade dress" generally refers to the complete image of a product, such as size, color or combination of colors, shape, texture, graphics and sales techniques. *See Epic Metals Corp. v. Souliere,* 99 F.3d 1034, 1037-38 (11th Cir.1996). The trade dress at issue in this controversy is the complete image of Stolichnaya Cristall brand, including bottle shape and color, label design, label graphics, and overall color scheme.

injunctive relief to be warranted, the district court must find that the movant has satisfied four prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, will not disserve the public interest. *See Cafe 207, Inc. v. St. Johns County,* 989 F.2d 1136, 1137 (11th Cir.1993).

The review of a district court's decision to grant or deny a preliminary injunction is extremely narrow in scope. *See Revette v. International Ass'n of Bridge, Structural and Ornamental Iron Workers,* 740 F.2d 892, 893 (11th Cir.1984). This court will reverse the district court's decision only if there is a clear abuse of discretion. *See Id.* Furthermore, " "[n]o attention is paid to the merits of the controversy beyond that necessary to determine the presence or absence of an abuse of discretion.' " *Cafe 207, Inc.,* 989 F.2d at 1137 (quoting *Di Giorgio v. Causey,* 488 F.2d 527, 529 (5th Cir.1973)).[3]

The district court found that Carillon met its burden of establishing the elements necessary for a preliminary injunction to be granted. Our review of the record leads us to conclude that the court did not abuse its discretion in making this decision. Following the district court's order granting the preliminary

---

[3] Decisions of the former Fifth Circuit rendered before October 1, 1981 are binding precedent in this circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

injunction, Carillon moved for an order to post bond pursuant to Rule 65(c) and 65.1, Federal Rules of Civil Procedure. The district court ordered Carillon to post bond in the amount of $50,000.

The amount of an injunction bond is within the sound discretion of the district court. *See Corrigan Dispatch Co. v. Casa Guzman,* 569 F.2d 300, 303 (5th Cir.1978). The Pesce Group contends, on appeal, that the amount of the injunction bond is insufficient. We deem it significant that no objection was made in the district court as to the sufficiency of the bond. We find no abuse of discretion.

AFFIRMED.[4]

---

[4]Appellants' motion for an order striking the October 9, 1996 letter of counsel for Appellee from the record is granted.