Kyra ALEJANDRO, Plaintiff,

v.

**PALM BEACH STATE COLLEGE,**
**et al., Defendants.**

Case No. 11–80335–CIV.

United States District Court,
S.D. Florida.

Nov. 8, 2011.

Order Denying Reconsideration
Feb. 7, 2012.

**1265**

James K. Green, James K. Green, P.A., West Palm Beach, FL, Jennifer Mathis, Julia M. Graff, Judge David L. Bazelon Center, for Mental Health Law, Washington, DC, David Casals, Law Office of David Casals, West Palm Beach, for Plaintiff.

William Todd Boyd, Boyd Richards Parker & Colonnelli, P.L., Miami, FL, for Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S AMENDED MOTION FOR TEMPORARY INJUNCTION (DE 20)

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Plaintiff Kyra Alejandro's ("Plaintiff" or "Alejandro") Amended Motion for Temporary Injunction ("Motion") (DE 20). I have reviewed Plaintiff's Motion, Defendant's Response (DE 35), Plaintiff's Reply (DE 40), and am otherwise advised in the premises.

## I. BACKGROUND

In this action, Plaintiff is suing Palm Beach State College ("PBSC"), PBSC's President Dennis Gallon, and PBSC's Dean of Student Services Penny McIsaac for discrimination on the basis of disability. (Amend. Compl. ¶ 1). Plaintiff alleges that she "relies on a psychiatric service dog to mitigate the symptoms of her mental disabilities." (Id. at 2). From August 2007 until December 2010, Plaintiff attended classes at PBSC. (Id. at 19). In Fall of 2009, the Disability Services Coordinator at PBSC referred Plaintiff "for a psychological evaluation focused on her learning disabilities to determine whether she required any special education and learning support." (Id. at 20). Plaintiff was diagnosed with post-traumatic stress disorder, major depressive disorder, attention deficit hyperactivity disorder, and a learning disorder. (Id. at 21). The examining physician recommended special education services, including extended time to complete tests and assignments, as well as psychological counseling services and a psychiatric consultation. (Id. at 21).

After receiving her diagnosis, Plaintiff began training her dog as a psychiatric service animal. (*Id.* at 22). Her dog was "trained to establish eye contact, nip her fingers, or snort when he perceives imminent panic attack." (*Id.* at 22). Plaintiff contends that she used her dog "to participate in and benefit from education" from the Fall 2009 semester until January 2011, during which time PBSC did not challenge her use of the dog on campus. (*Id.* at 23–24). After enrolling in Spring 2011 classes at PBSC, Plaintiff states that PBSC officials began inquiring into the nature and severity of her disabilities for which she relied on her service animal. (*Id.*). Plaintiff alleges that PBSC officials required "voluminous documentation" from her describing her need for her service animal. (*Id.* at 3). Plaintiff provided PBSC officials with a psychological evaluation outlining her mental health diagnoses and a doctor's statement. (*Id.* at 30). The PBSC officials were not satisfied with the documentation and emailed at least one of Plaintiff's professors advising him to not allow Plaintiff to bring her dog to class. (*Id.* at 32). After this incident, Plaintiff again met with PBSC officials and provided them with more documentation detailing her medical diagnoses and ongoing counseling for anxiety and depression. (*Id.* at 33). Plaintiff also explained to the PBSC officials how her dog had been trained to signal her when a panic attack is imminent. (*Id.* at 34). However, PBSC officials still refused to allow Plaintiff to bring her dog to class. (*Id.*).

When Plaintiff nevertheless continued to take her dog to class, she was escorted off campus and disciplinary hearings were brought against her. (*Id.* at 35–36). Plaintiff claims that the disciplinary hearings and threat of suspension caused her debilitating anxiety and panic attacks. (*Id.* at 40–41). Plaintiff continued to provide PBSC officials with documentation regarding her mental condition and her dog's

training until May 2, 2011, when PBSC agreed to allow Plaintiff to bring her dog to campus, class, and other functions. (*Id.* at 47). However, Plaintiff contends that as a result of PBSC prohibiting her from bring her dog to campus, she missed a significant number of classes during the Spring 2011 semester, resulting in her receiving a failing grade in Professor Andreoli's Business class ("Business class"). (*Id.* at 49). Plaintiff appealed the "F", but was told that this was left to the discretion of the professor. (*Id.* at 51). Furthermore, despite PBSC's statement that Plaintiff would be allowed to bring her dog to campus, Plaintiff contends that on three separate occasions thereafter she was questioned regarding whether she was allowed to bring her dog on campus, escorted out of the library, or told that she was not permitted to have her dog in the writing lab. (*Id.* at 53–63).

In June, Plaintiff was sent a letter stating that she had not demonstrated her need for a service dog. (*Id.* at 64). Plaintiff states that she is "working on class assignments essential to completing her coursework in the two Spring 2011 courses for which her professors granted her 'Incompletes.' [Furthermore, she requires] access to the library, writing lab, and other services and facilities available on PBSC's campus. Denying her service animal admission to the campus disrupts [her] ability to study, learn and benefit from her education." (*Id.* at 65–66). Plaintiff contends that she currently cannot bring her dog on campus and that she reasonably fears that she will be escorted off campus should she bring her dog to class. (*Id.* at 68). Therefore Plaintiff "seeks relief to afford her a meaningful opportunity to complete her class assignments and fully participate in her education." (*Id.* at 71). Plaintiff seeks injunctive and declaratory relief under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, injunc-

tive and declaratory relief under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and compensatory damages for each act of discrimination under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

## II. PARTIES' ARGUMENTS

In her Motion, Plaintiff seeks injunctive relief allowing her to bring her service animal to all areas of campus at PBSC, including the library, writing lab, cafeteria, and classrooms. (DE 20 at ¶ 73). Plaintiff also requests an expungement from her academic record of her failing grade in her business class, reimbursement from PBSC of the tuition and fees she paid for this business class, and attorney's fees and costs. (*Id.* at 74). Plaintiff's Motion mainly restates facts contained in her Amended Complaint relating to her mental disability and the interactions she had with PBSC officials regarding whether she was permitted to bring her dog to campus.

In their Response, Defendants state that the June 14th letter, which caused Plaintiff to believe that PBSC "had rescinded on its prior decision to allow Plaintiff to bring her dog to campus, campus functions, and her classes ... was the result of a misunderstanding between the College's administration and the office of disability support services as Plaintiff is no longer registered for classes ...." (DE 35 at 1). Defendants contend that Plaintiff will have no additional difficulties utilizing the campus facilities with her dog. (*Id.*). Accordingly, Defendants contend that Plaintiff's Motion regarding access is moot. (*Id.* at 2). Nevertheless, Defendants also contend that Plaintiff is not entitled to relief for a number of reasons.

First, Defendants contend that Plaintiff's Motion should be denied because Plaintiff is not likely to succeed on the merits. (*Id.* at 6). Defendants assert that they have made "numerous reasonable accommodations for the Plaintiff's disability in accordance with Section 504 and ha[ve] made a number of appropriate and lawful inquiries regarding Plaintiff's dog that are allowed ... under Section 504 and the ADA." (*Id.* at 7). Defendants contend that their "inquiries complied entirely with those envisioned by Section 504, as well as those portions of the ADA implementing regulations which pertain to the task and function of a service dog." (*Id.*). Furthermore, Defendants argue that "Plaintiff has not presented any evidence that her diagnosis of mental impairments statutorily entitles her to a service dog." (*Id.* at 8). Defendants assert that Plaintiff's April 22, 2011 letter "is based upon Plaintiff's self-reported disability, does not provide a diagnosis and contains no findings of medical tests." (*Id.*). Defendants also argue that Plaintiff cannot establish a prima facie case for violation of Section 504 or the ADA because she has not been "excluded from participation by reason of her disability." (*Id.* at 10). Since PBSC has agreed to allow Plaintiff to bring her dog to any portion of its campus while she completes her pending coursework and she has not registered for summer or other courses, Defendants argue that "Plaintiff cannot establish as a matter of law that she has been excluded from participation by reason of his or handicap if a reasonable accommodation is made." (*Id.*).

Second, Defendants argue that Plaintiff's Motion should be denied because she will not suffer irreparable harm if it is not granted. (*Id.* at 11). Plaintiff argues that she will be irreparably harmed if she is not allowed to bring her dog to campus. (*Id.* at 12). Defendants argue that they consented to allow Plaintiff to bring her dog to campus for the purposes of finishing her course work and thus she is not being irreparably harmed. (*Id.*). With regard to Plaintiff's request that her "F" be expunged from her record and that she be

reimbursed for her expenses in that course, Defendants argue that denying the requested relief will not result in irreparable harm either. (*Id.*). Defendants argue that irreparable harm "requires a threatened harm for which adequate compensatory or corrective relief is not available at a later date." (*Id.*). Defendants argue that the requested relief does not meet this standard and thus must be denied. Finally, Defendants argue that since Plaintiff attended classes and did well in school without her dog in the past, this demonstrates that she would not be irreparably harmed if her Motion is not granted. (*Id.* at 13).

Third, Defendants argue that the balance of hardships is in PBSC's favor. (*Id.* at 13). Defendants contend that the documentation it requested from Plaintiff was meant to "make the necessary arrangements for the Plaintiff in the classroom setting . . . ." (*Id.*). Defendants also argue that they needed "to provide instruction to faculty and staff that Plaintiff's dog is a 'service animal' and should not be petted or held, even if the Plaintiff allows students to do so," in order to prevent disruptions in the classroom. (*Id.*). Finally, Defendants argue that since Plaintiff is not enrolled in summer or fall classes, granting the injunction would preserve the status quo. (*Id.* at 14).

In her Reply, Plaintiff first argues that she has a disability under the ADA and Section 504 that causes her to experience or prepare herself for events that trigger her post-traumatic stress disorder without her dog. (DE 40 at 2). Plaintiff contends that the April 22 letter she submitted to PBSC officials is sufficient to establish her disability and need to bring her dog with her to campus. (*Id.* at 3). Second, Plaintiff contends that she is likely to succeed on the merits since "[s]he has a trained service animal that is reasonable, effectively accommodates her disability and affords

her an equal opportunity to learn and participate as a student at PBSC." (*Id.* at 4). Furthermore, Plaintiff argues that Defendants have discriminated against her by failing to permit her dog to accompany her on campus and that she is still entitled to bring her dog to campus to participate as a student in the College's programs, services, and activities regardless of whether she is currently enrolled in classes. (*Id.* at 6). Finally, Plaintiff contends that she will be irreparably harmed if she is not permitted to bring her dog to campus. (DE 40–1 at 2). Plaintiff is not satisfied that PBSC has agreed to let her bring her dog to campus for the completion of outstanding work; Plaintiff believes that since this promise was broken previously, an injunction is necessary to ensure that the discriminatory conduct will not occur again. (*Id.* at 3–4). Plaintiff also contends that her past academic success is irrelevant in determining whether she presently needs an accommodation and that injunctive relief is necessary to expunge her "F" in her business class. (*Id.* at 4). Finally, Plaintiff argues that the hardship to Plaintiff clearly outweighs that to Defendants since the injunction would simply ensure that Defendants will do what they profess to do anyways and the concerns regarding scheduling and disruption are speculative and not a basis for denying an injunction. (DE 40–2 at 1).

### III. STANDARD OF LAW

Federal Rule of Civil Procedure 65 authorizes a district court to grant injunctive relief at its discretion. *See United States v. Lambert*, 695 F.2d 536, 539 (11th Cir.1983). To obtain injunctive relief, the movant must show (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause

the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F.3d 1205, 1210 (11th Cir.2003); *CBS Broadcasting, Inc. v. EchoStar Commun. Corp.,* 265 F.3d 1193, 1200 (11th Cir.2001); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir.1998). Injunctive relief "is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to all four elements." *Davidoff & CIE, SA v. PLD Int'l Corp.,* 263 F.3d 1297, 1300 (11th Cir.2001) (quoting *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir.2000) (en banc)).

## IV. DISCUSSION

Plaintiff's Motion requests four types of relief: (A) a temporary injunction enjoining Defendants from preventing her from bringing her dog to all areas of campus; (B) an expungement from her academic record of her failing Spring 2011 grade in Professor John Andreoli's Business class; (C) reimbursement from PBSC of the tuition and fees she paid for Professor Andreoli's Business class; and (D) payment of all reasonable attorney's fees and costs.

### A. SERVICE DOG

 As an initial inquiry, this Court must determine whether the instant matter is moot. Defendants argue that since PBSC voluntarily agreed to allow Plaintiff to access campus, campus functions, and her classes with her dog in order to complete her remaining courses, there is no need for the requested injunction. (DE 35 at 5). Plaintiff contends that Defendants previously stated that Plaintiff would be allowed to bring her dog to campus, but that she was subsequently rebuffed by PBSC officials. (DE 40 at 7). The Supreme Court has stated that the appropriate standard for determining whether a case has become moot is whether "subse-

quent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services, Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 708, 145 L.Ed.2d 610 (2000) (quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980)). This Court denied Plaintiff's first Motion for Preliminary Injunction as moot because PBSC agreed to permit Plaintiff to bring her dog on campus. (DE 18). Thereafter, however, Plaintiff contends that she was repeatedly rebuffed when she attempted to bring her dog to campus, which Defendants state "was the result of a misunderstanding between the College's administration and the office of disability support services . . . [, but that PBSC] reaffirms its commitments outlined in its Notice of Consent to Relief Requested filed on May 2, 2011." (DE 35 at 1–2). Despite the Defendants' reassurances that Plaintiff is now permitted to bring her dog to campus to finish her classes, this Court does not believe that this is sufficient to make this Motion moot since they made this promise once before. Therefore I must determine whether the injunctive relief allowing Plaintiff to bring her dog to campus should be granted.

In determining whether the injunctive relief should be granted, I must first consider whether Plaintiff's action has a substantial likelihood of success. In her Motion, Plaintiff claims that Defendants have "continued to fail to make reasonable modifications in its policies, practices, or procedures as are necessary to avoid discrimination on the basis of disability, under the ADA, 28 C.F.R. § 35.130(b)(7), 28 C.F.R. § 35.136, and Section 504, 34 C.F.R. § 104.44, 28 C.F.R. § 35.136 (2011) provides that "[g]enerally a public entity shall modify its policies, practices, or procedures to permit the use of a service animal by an

individual with a disability." *Id.* A service animal includes "any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability." 28 C.F.R. § 35.104 (2011). A public entity "may make two inquiries to determine whether an animal qualifies as a service animal. A public entity may ask if the animal is required because of a disability and what work or task the animal has been trained to perform. A public entity shall not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal." 28 C.F.R. § 35.136(f) (2011). "Disability is defined as 'a physical or mental impairment that substantially limits one or more of the major life activities of such an individual.'" *Id.* at § 35. 104. "Physical or mental impairment" means "[a]ny mental or psychological disorder such as ... emotional or mental illness, and specific learning disabilities." *Id.* Major life activities include "learning, and working." *Id.*

■ Based on the record, this Court believes that Plaintiff has demonstrated that there is a substantial likelihood of her succeeding on the merits. Plaintiff's Amended Complaint and Motion allege that Plaintiff is a disabled person covered by this statute. (DE 20 at ¶ 12, DE 27 at ¶ 18). It is well-documented that Plaintiff suffers from posttraumatic stress disorder (PTSD) and major depressive disorder, which have impacted her ability to study and attend classes. (DE 20–4 at 1, DE 20–7 at 1). Indeed, Plaintiff states that she "missed a significant number of classes during the Spring 2011 semester because security removed her from campus on several occasions and because she was unable to attend classes without her service animal." (Amend. Compl. at ¶ 48). Plaintiff's psychologist states that without her service dog, Plaintiff "appears to experience severe and debilitating anxiety as a result

of her disability." (DE 20–4 at 1). The psychologist also states that Plaintiff's service dog "makes a clinical difference for Ms. Alejandro, and has proved to be a crucial accommodation, enabling her, for the most part, to study and learn without experiencing debilitating anxiety." (*Id.* at 2). Furthermore, it is apparent that Plaintiff's dog allows Plaintiff to recognize her symptoms of anxiety by "establishing eye contact with Ms. Alejandro, emitting a snort, and/or nipping her fingers gently, which allows her to take precautionary measures to avert further distress." (DE 20–4 at 1). Thus, it appears as though Plaintiff suffers from a disability as defined by the ADA, that her dog qualifies as a service animal, and that her dog helps her cope with this disability so that she can perform the major life activity of attending school and learning. Accordingly, this Court believes that Plaintiff's claim has a substantial likelihood of succeeding on the merits.

■ The next item to consider is whether irreparable injury may result to Plaintiff if the injunction is not granted. Defendants argue that she previously attended classes without her dog, so she will not be irreparably harmed if she is prevented from bringing her dog now. However, this Court does not think that Plaintiff's past behavior is necessarily dispositive on the issue of irreparable harm. As Dr. Rivera's April 22, 2011 letter notes, Plaintiff's PTSD recently resurfaced. (DE 20–4 at 1). Thus, this Court does not believe that Plaintiff's past ability to attend classes without her dog necessarily means that she may do so now. Furthermore, the record reflects that Plaintiff has been unable to attend class without her dog. (Amend. Compl. at ¶ 48). Since attending class is an important aspect of obtaining a degree, this Court believes that Plaintiff

will suffer irreparable harm if the requested injunctive relief is not granted.

Furthermore, this Court does not believe that the threatened injury to Defendants outweighs the benefits to Plaintiff. First, Defendants state that they have already consented to allow Plaintiff to bring her dog to campus to finish her studies. (DE 35 at 1). Thus, it is difficult to imagine how Defendants could be injured by granting the requested relief. Second, this Court does not believe that "the necessary arrangements" that will need to be made by Defendants to accommodate Plaintiff and her dog, (*Id.* at 13), constitute a substantial burden on Defendants. Although Defendants argue that Plaintiff allows other students to pet and hold her dog and this disrupts "the College's learning environment," (*Id.*), this disruption does not tilt the threatened injury in Defendants' favor. This Court believes it is in the public interest to enforce Plaintiff's right to take her service dog with her to PBSC so that she may function in her classes and complete her studies.

## B. EXPUNGEMENT OF FAILING GRADE

Plaintiff's Motion also asks this Court to order PBSC to expunge from her record her failing business class grade, or alternatively change it to an "Incomplete" with an opportunity to complete the class. Plaintiff alleges that she "missed a significant number of classes during the Spring 2011 semester because security removed her from campus on several occasions and because she was unable to attend classes without her service animal." (DE 27 at ¶ 48). Although two of Plaintiff's professors gave her an "Incomplete" in their classes, Plaintiff's business professor gave her an "F" for the semester. (*Id.* at 49). When she petitioned PBSC for an "Incomplete" in this class, the official told her "that she was unable to intervene, and that

the decision to grant an 'F' and to deny a request for an Incomplete were left to the discretion of Professor Andreoli." (*Id.* at 51).

Without any other information, this Court thinks it is inappropriate to intervene in PBSC's affairs regarding Plaintiff's grade in her business class. As the Supreme Court noted, "the decision of an individual professor as to the proper grade for a student in his course ... requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decisionmaking." *Board of Curators of University of Missouri v. Horowitz*, 435 U.S. 78, 90, 98 S.Ct. 948, 955, 55 L.Ed.2d 124 (1978). Furthermore, "[t]he sole function of an action for injunction is to forestall future violations. It is so unrelated to punishment or reparations for the past that its pendency or decision does not prevent concurrent or later remedy for past violations by indictment or action for damages by those injured." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1133 (11th Cir.2005) (quoting *United States v. Or. State Med. Soc.*, 343 U.S. 326, 333, 72 S.Ct. 690, 96 L.Ed. 978 (1952)). The Amended Complaint reflects that Plaintiff stopped going to her classes and as a result, she failed one of them. While her inability to bring her dog with her to class may have been the reason she stopped attending class, this Court does not believe this is a sufficient reason to order PBSC to change her grade to an "Incomplete." Simply put, it is not in the public's interest for this Court to determine how a professor should award grades in his classes. Furthermore, the relief Plaintiff requests is related to a past action and it is not clear from Plaintiff's Motion or Amended Complaint what cause of action her requested expungement relies on.

## C. REIMBURSEMENT FOR TUITION AND FEES

 Similarly, this Court does not think it is appropriate to order PBSC to reimburse Plaintiff for the costs she incurred in taking her business class because this is not an appropriate form of injunctive relief. The Supreme Court has stated that "[m]ere injuries, however substantial, in terms of money" are not enough to establish "irreparable injury." *Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (internal citations omitted). Since Plaintiff's request for reimbursement for tuition and fees clearly seeks monetary compensation, Plaintiff fails to show how she will be irreparably harmed by denying the requested relief.

## D. ATTORNEY'S FEES AND COSTS

Lastly, this Court does not believe it is appropriate to award attorney's fees and costs here. 42 U.S.C. § 12205 (2010) provides that this Court "may allow the prevailing party ... a reasonable attorney's fee ...." Since this is a Motion for injunctive relief, it is evident that Plaintiff has not prevailed in this matter yet. Furthermore, as previously stated, a request for monetary compensation is generally not an appropriate form of injunctive relief. *Sampson,* 415 U.S. at 90, 94 S.Ct. 937. Therefore this Court must deny Plaintiff's request for attorney's fees and costs since Plaintiff has not prevailed yet and there is no indication that Plaintiff will be irreparably harmed if the Court does not award attorney's fees and costs at this time.

## V. INJUNCTION BOND

Federal Rule of Civil Procedure 65(c) provides that no injunctive relief "shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined ...." FED. R. CIV. P. 65(c). The amount of an injunction bond lies within the sound discretion of this Court. *Carillon Imps., Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1127 (11th Cir.1997). In this case, the equities favor limiting the size of the bond, and I will require Plaintiff to post a security bond of $500 for the duration of the injunctive relief.

## VI. CONCLUSION

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Temporary Injunction (DE 20) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's request for injunctive relief enjoining the Defendants from preventing her from being present with her service animal on all areas of campus, including the library, writing lab, cafeteria, and classrooms is **GRANTED.** Plaintiff shall not be prevented from bringing her service animal to campus during the pendency of this lawsuit. Plaintiff shall post a security bond of $500 for the duration of this injunctive relief.

2. Plaintiff's request that her academic record of her failing Spring 2011 grade in Professor John Andreoli's Business class be expunged is **DENIED.**

3. Plaintiff's request that she be reimbursed from PBSC for tuition and fees she paid that correspond to Professor Andreoli's Spring 2011 Business class is **DENIED.**

4. Plaintiff's request for payment of all reasonable attorney's fees and costs expended in the prosecution of this matter is **DENIED.**

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DATED NOVEMBER 8, 2011

THIS CAUSE comes before the Court on Defendants' Motion for Reconsideration of Order Dated November 8, 2011 ("Motion") (DE 62) filed on November 18, 2011. Plaintiff filed a Response to the Motion (DE 66) on December 2, 2011, to which Defendants filed three separate Replies (DE 69, 70, 71) on December 16, 2011 without leave from this Court and in violation of Local Rule 7.1(c). I have reviewed the matter and am advised in the premises.

In their Motion, Defendants ask this Court to reconsider its Order that granted Plaintiff a temporary injunction allowing Plaintiff to take her alleged service dog to campus. (DE 62 at 1). Defendants contend that Plaintiff is no longer a student at Palm Beach State College ("College") and therefore does not have standing to be entitled to injunctive relief. (*Id.* at 2). Defendants argue that "[s]ince Plaintiff is no longer enrolled at the College, she no longer has any need to access the classrooms, library, and writing lab, with or without her service dog." (*Id.* at 4). However, Plaintiff submitted an affidavit which states that she enrolled in a Spring 2012 Statistics class on December 17, 2011 and therefore still is currently a student at the College. (DE 76–2). Accordingly, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion (DE 62) is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Leave to File Surreply (DE 75) is GRANTED.