[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14501
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-00021-RWS


WERNER WICKER,

Plaintiff - Counter Defendant,

DR. STEPHAN RAMB,
Administrator of Werner Wicker's Georgia Estate,

Plaintiff - Counter Defendant -
Appellee,

versus

LOUIS BERIA, et al.,

Defendants - Counter Claimants,

SAKS MANAGEMENT AND ASSOCIATES, LLC, et al.,

Defendants,


PRABHU PARAMATMA,

Defendant - Counter Claimant -
Appellant.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————————

(May 4, 2021)

Before WILLIAM PRYOR, Chief Judge, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Prabhu Paramatma appeals a preliminary injunction that barred him from interfering in the operation and management of Werner Wicker's company, Wicker, LLC. Because the district court failed to "state the findings and conclusions that support its action," Fed. R. Civ. P. 52(a)(2), we vacate and remand.

Paramatma, a Hindu spiritual advisor, befriended Wicker, a wealthy native of Germany. Wicker came to rely on Paramatma for advice and gave him a power of attorney to help with acquiring real estate. Paramatma introduced Wicker to purported real estate experts, including Louis Beria, who persuaded Wicker to purchase multi-million dollar properties and to form Wicker, LLC, to own the investment properties.

Wicker, LLC, allegedly had three operating agreements. Both the first agreement, which Wicker purportedly signed in 2014, and the second agreement, which he purportedly signed in 2017, gave Paramatma half of the membership

2

interest of the company. The latter agreement allowed a member "without the prior written consent of all other members" to "amend the articles of organization of the company or this agreement" and to "sell, lease, exchange, mortgage, banking, or otherwise transfer or dispose of all or substantially all of the property or assets of the company." In 2018, after Wicker reviewed the operating agreements and some real estate transactions by Paramatma for Wicker, LLC, including a dubious sale of a lucrative apartment complex to Beria, Wicker notified Paramatma that he had no membership interest in and, in the alternative, that he was being expelled from the company. In 2019, Wicker executed a third operating agreement that stated he was the sole member of Wicker, LLC; he had "exclusive and complete authority and discretion to manage the operations and affairs of . . . and to make all decisions regarding the business of the Company"; and he had "all rights and powers as a manager . . . of the Company."

Wicker sued Paramatma, Beria, and two Beria-owned companies for fraud, negligent misrepresentation, breach of and abetting the breach of fiduciary duties, conspiracy, racketeering, and unjust enrichment. A receiver appointed at Wicker's request discovered that significant amounts of cash had disappeared from Wicker, LLC. Wicker then filed motions to form a constructive trust for rental income from the apartment complex, to terminate the receivership, and to enjoin Paramatma from interfering in the operation and management of Wicker, LLC.

3

In an omnibus order, the district court denied Wicker's request for a constructive trust, terminated the receivership, and granted him an injunction against Paramatma. The district court found that all four preliminary injunction factors weighed against forming a constructive trust, including that Wicker had "not shown a substantial likelihood of success on the merits of his claim." But the district court determined "that an injunction was appropriate" to exclude Paramatma from the daily operations of Wicker, LLC. The district court found that the "2019 Operating Agreement is a legally enforceable Operating Agreement, if the Court is willing to overlook [its] 'sole member' provision" based on a finding "that Paramatma remains a member of the LLC, at least until the formal expulsion procedures of the 2017 Operating Agreement occur." The district court also chose "to protect Paramatma's interests" by enjoining Wicker "from selling any of the LLC's property without prior approval of the Court."

The order lacks findings of fact and conclusions of law required to support the decision to enjoin Paramatma from interfering in the operation and management of Wicker, LLC. Federal Rule of Civil Procedure 52 requires that a district court "[i]n granting or refusing an interlocutory injunction . . . state the findings and conclusions that support its action." Fed. R. Civ. P. 52(a)(2). "The purpose of Rule 52(a), pertinent to injunctions, is to provide the appellate court

4

with a clear understanding of the decision." *Wynn Oil Co. v. Purolator Chem. Corp.*, 536 F.2d 84, 85 (5th Cir. 1976).

The district court made no findings of fact or conclusions of law to support its decision to exclude Paramatma from the daily operations of Wicker, LLC. "For preliminary injunctive relief to be warranted, the district court must find that the movant has satisfied four prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, will not disserve the public interest." *Carillon Importers, Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). The district court discussed none of those factors.

After denying Wicker a constructive trust in part because he was unlikely to succeed "on the merits of his claim," the district court nevertheless enjoined Paramatma from interfering with the operation of the company. The district court found that "the 2019 Operating Agreement is . . . legally enforceable," but it identified no facts to support that finding. And the district court made even this finding contingent; that is, it stated that the 2019 operating agreement is enforceable only "if [it] is willing to overlook the 'sole member' provision." These equivocal findings fail to allow meaningful appellate review. *See McCord,*

5

*Condron & McDonald Inc. v. Carpenters Loc. Union No. 1822*, 464 F.2d 1036, 1036–37 (5th Cir. 1972). So we vacate the part of the order that enjoins Paramatma from interfering in the operations and management of Wicker, LLC, and we remand for further proceedings.

**VACATED AND REMANDED.**