**James F. REVETTE, et al.,**
**Plaintiffs-Appellees,**

v.

**The INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, Defendant,**

**Local 798, International Association of Bridge, Structural and Ornamental Iron Workers, Defendant-Appellant.**

**No. 83–7653**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1984.

J. Randall Crane, Mobile, Ala., for defendant-appellant.

Thomas A. Carraway, Rives & Peterson, Birmingham, Ala., for plaintiffs-appellees.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Local 798, International Association of Bridge, Structural and Ornamental Iron Workers, appeals the granting of a preliminary injunction. Twelve of Local 798's members filed a class action against the Union claiming it operates its job referral system in a discriminatory fashion in violation of a collective bargaining agreement between the Union and various contractors. Plaintiffs challenged the practice of allowing contractors to request substantial number of workers by name. Plaintiffs re-

quested, and the district court granted, a preliminary injunction, enjoining the defendants, during the course of litigation, from referring members of the local except in strict accordance with the order. Apparently no move has been made in the trial court to obtain a final resolution of the issues involved. We need not decide the ultimate issue of whether the plaintiffs will prevail. Based on the "abuse of discretion" standard of review, we affirm the grant of a preliminary injunction in this case.

 The grant or denial of a preliminary injunction is a decision within the sound discretion of the district court. *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir.1983). Appellate review of such a decision is very narrow. The district court's decision will not be reversed unless there is a clear abuse of discretion. *Harris Corp. v. National Iranian Radio & Television*, 691 F.2d 1344, 1354 (11th Cir.1982). This Court will not "review the intrinsic merits of the case." *Lambert*, 695 F.2d at 539. As we have explained:

> This limited review is necessitated because the grant or denial of a preliminary injunction is almost always based on an abbreviated set of facts, requiring a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief. Weighing these considerations is the responsibility of the district court....

*Gray Line Motor Tours v. City of New Orleans*, 498 F.2d 293, 296 (5th Cir.1974) (quoting *United States Steel Corp. v. Fraternal Association of Steel Haulers*, 431 F.2d 1046, 1048 (3d Cir.1970)).

 Local 798 claims the district court erred in granting the preliminary injunction because plaintiffs did not demonstrate a substantial likelihood of success on the merits. Local 798 argues it would prevail because the National Labor Relations Board has exclusive jurisdiction of this action and that plaintiffs have failed to exhaust their contractual grievance proce-

dures. Although there may be merit to these contentions, they present a sufficiently close question so that the district court could probably have gone either way in its decision to a preliminary injunction. In such a case, there can be no abuse of discretion.

A thorough review of Local 798's assertions can be had after the district court, upon full consideration, determines whether to grant a permanent injunction. *See United States Steel Corp. v. Fraternal Association of Steel Haulers*, 431 F.2d at 1048.

AFFIRMED.