[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2006
THOMAS K. KAHN
CLERK

No. 06-13250
Non-Argument Calendar

_____

D. C. Docket No. 06-00843-CV-T-27-TGW

PATRICK ACKERMAN,

Plaintiff-Appellant,

versus

DEAF AND HEARING CONNECTION OF TAMPA BAY, INC.,
d.b.a. Bayou Courtyard,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 26, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Patrick Ackerman appeals the district court's denial of his motion for a

preliminary injunction against Deaf and Hearing Connection of Tampa Bay ("DHC"). In his complaint, Ackerman, who is deaf and blind, alleged that DHC violated the Fair Housing Act ("FHA") and the Rehabilitation Act when it denied his request for a roommate and declined to renew his lease. After review, we affirm.

## I. BACKGROUND

DHC is a non-profit company that provides case management services for deaf and hard-of-hearing adults. DHC owns and operates the Bayou Courtyard Apartments, an independent living complex with predominately disabled residents. Ackerman has been a client of DHC's case management program since 1998, and has lived in the Bayou Courtyard Apartments since 2002. In the summer of 2004, Ackerman, who was deaf, went blind.

In October 2005, Ackerman's roommate moved to a different apartment to live alone. For the next two months, Ackerman failed to pay the full rent that was due for his apartment. In December 2005, Ackerman and DHC reached an agreement which resolved Ackerman's past-due rent, allowed him to remain in tenancy for the remainder of his existing lease (due to expire in May 2006), and enrolled him in a low-income rent program. In February or March 2006, Jocelyn Epple, another tenant at the Bayou Courtyard Apartments, moved out of her own

2

apartment and into Ackerman's. Ackerman tried to give DHC additional rent for Epple, but DHC refused it. DHC informed Ackerman that, because he was participating in the low-income rent program, he could not have a roommate. In March 2006, DHC advised Ackerman that it would not be renewing his lease.

On May 3, 2006, Ackerman filed a complaint against DHC alleging, inter alia, violations of the FHA and the Rehabilitation Act. Ackerman claimed that DHC did not reasonably accommodate his request for a roommate, whom he needed to assist him with daily living tasks and as a companion to help his depression. He also claimed that DHC discriminated against him by not renewing his lease.

Ackerman also filed a motion for a preliminary injunction against DHC requesting, inter alia, that DHC maintain renewal of his lease and allow him the roommate of his choice. After an evidentiary hearing, the district court denied Ackerman's motion for a preliminary injunction. Ackerman now appeals that decision.[1]

## II. DISCUSSION

[1]We review a district court's denial of a preliminary injunction for abuse of discretion. See Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc., 303 F.3d 1242, 1246 (11th Cir. 2002). The district court has a range of choice in reaching its decision, and we will not reverse unless the district court applies incorrect legal standards or procedures, relies on clearly erroneous factfinding, or reaches a clearly unreasonable or incorrect conclusion. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1226 (11th Cir. 2005).

A district court may issue a preliminary injunction when the moving party shows: 1) a substantial likelihood of success on the merits; 2) a substantial threat that irreparable injury will occur; 3) that the injury will outweigh any damage the proposed injunction may cause the nonmovant; and 4) that an injunction would not be adverse to the public interest. See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005).

Ackerman claims that DHC violated the FHA and the Rehabilitation Act by refusing to allow Epple to be his roommate and by declining to renew his lease. The FHA makes it unlawful to "discriminate in the sale or rental . . . [of a dwelling] to any buyer or renter because of a handicap" and to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(1)-(2). The FHA further defines discrimination to include "a refusal to make reasonable accommodations . . . when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

The Rehabilitation Act prevents discrimination in federal grants and programs as follows:

> No otherwise qualified individual with a disability in the United
> States, as defined in section 705(20) of this title, shall, solely by

4

reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C.A. § 794(a).

In this case, the district court determined that Ackerman could not show a substantial likelihood of succeeding on the merits of his underlying claims and denied his motion for a preliminary injunction. Ackerman has not shown that the district court abused its discretion in its determination. First, most of the residents at the Bayou Courtyard Apartments have one or more disabilities. Indeed, Ackerman's Director of Housing and his former case manager are both deaf. Instead, the decision not to renew Ackerman's lease was because of his violations of various rules. For example, evidence presented at the evidentiary hearing supported the district court's conclusion that Ackerman had previously agreed to forgo a roommate in order to take advantage of the low-income program, and that Ackerman violated the terms of their agreement by finding a roommate. In short, the evidence supported the district court's conclusion that DHC did not discriminate against Ackerman because he is deaf and blind, but that the denial of his desired roommate and the nonrenewal of his lease were based on his continuing violations of his agreement.

Finally, Ackerman himself acknowledges that the district court noted this case was a "close call." Where a question is sufficiently close that the district court

5

could have gone either way in issuing a preliminary injunction, "there can be no abuse of discretion." Revette v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, 740 F.2d 892, 893 (11th Cir. 1984).

### III. CONCLUSION

Based on the foregoing, we conclude that the district court did not abuse its discretion in denying Ackerman's motion for a preliminary injunction, and affirm.

**AFFIRMED.**