PER CURIAM:
Appellants argue, on this interlocutory appeal, that the district court abused its discretion in denying their request for a preliminary injunction. The abuse of discretion argument is based upon Appellants’ contentions that 12305 3rd Street is a “dwelling” under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and that the Appellees denied their reasonable accommodation request.
A district court’s denial of a request for a preliminary injunction “will not be reversed unless there is a clear abuse of discretion.” Revette v. Int’l Ass’n of Bridge, Structural and Ornamental Iron Workers, 740 F.2d 892, 893 (11th Cir.1984) (citation omitted). “[A]n abuse of discretion standard recognizes there is a range of choice within which we will not reverse the district court even if we might have reached a different decision.” Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1226 (11th Cir.2005) (citations omitted); see also Revette, 740 F.2d at 893; Rasbury v. Internal Revenue Serv. (In re Rasbury), 24 F.3d 159, 168-69 (11th Cir.1994); McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir.2001). Appellants’ contentions may be correct, but the question of whether 12305 3rd Street is a “dwelling” within the meaning of the Fair Housing Act is sufficiently close and complex to warrant affirming the district court’s denial of a preliminary injunction.
We do not decide the ultimate issue of whether Appellants will prevail. We can conduct a more thorough review following the district court’s final decision regarding injunctive relief. We decide only that the district court did not abuse its discretion in denying the request for a preliminary injunction.
AFFIRMED.