[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12894
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-21418-KMM

RAFAEL VERGARA HERMOSILLA,

Plaintiff-Appellee,

versus

THE COCA-COLA COMPANY,
a Delaware Corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2011)

Before EDMONDSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

On interlocutory appeal, The Coca-Cola Company ("Coca-Cola") appeals the

district court's entry of a preliminary injunction restraining it from disseminating the

song *Wavin' Flag (Coca-Cola Spanish Celebration Mix)* unless adaption credit is given to Plaintiff Rafael Vergara Hermosilla ("Vergara") whenever his lyrics are used "and either: (1) the original English composer is credited or (2) a composer is often credited with such a use."  (Dkt. 31 at 15.)   After review, we find no abuse of discretion in the entry of the preliminary injunction.

From time to time we review a district court's grant or denial of a request for a preliminary injunction without reviewing the "intrinsic merits" of the case.  *Revette v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 740 F.2d 892, 893 (11th Cir. 1984) (citation omitted).  We do so here.

"[A]n abuse of discretion standard recognizes there is a range of choice within which we will not reverse the district court even if we might have reached a different decision." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005) (citation omitted). "The expedited nature of preliminary injunction proceedings often creates not only limits on the evidence available but also pressure to make difficult judgments without the luxury of abundant time for reflection." *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1171 (11th Cir. 2002).

We find no clear abuse of discretion in the district court's grant of a preliminary injunction in this case.  We need not, and do not, decide the ultimate issue of whether Coca-Cola will prevail.

2

Coca-Cola raises four arguments in support of its appeal. First, Coca-Cola argues that the district court erred because the court's remedy was improper under copyright law and contrary to the parties' agreement. Second, Coca-Cola argues that it was entitled to continue its use of the song because its license was irrevocable. Third, Coca-Cola argues it is entitled to continue using the song under the derivative works exception. Fourth, Coca-Cola argues that Vergara cannot enjoin its use of the song because the parties are joint authors. The first two arguments merit brief comment.

Coca-Cola's first argument is based on the fact that copyright law does not recognize a right to attribution. Vergara responds that the remedy lies within the scope of the district court's equitable discretion. We agree with Vergara. While Coca-Cola characterizes the injunction as one forcing it to provide adaption credit, the injunction is really one that enjoins Coca-Cola's dissemination of the *Spanish Celebration Mix*. Recognizing the financial burden this injunction would place on Coca-Cola, however, the court gives Coca-Cola the option to disseminate the song with attribution to Vergara. Thus, while Coca-Cola would have us believe that the injunction is in response to Vergara's improper claim for lack of attribution, the district court's injunction is really a proper exercise of its authority under the Copyright Act to construct an injunction that limits the damage of an alleged

copyright violation. *See* 17 U.S.C. § 502(a) (providing that "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."). If anything, the district judge went to great lengths to narrowly tailor this injunction to minimize the economic impact it would have on Coca-Cola.

Addressing Coca-Cola's second argument, we agree that the district court erroneously concluded that any implied license Coca-Cola held was not supported by consideration when the agreement was made. But this error does not change the result on this appeal. The terms of any implied license have not yet been established; thus Coca-Cola cannot yet invoke any such agreement as a defense. An evidentiary hearing would be required to flesh out the terms of any such agreement. The district court held no evidentiary hearing, but Coca-Cola did not request an evidentiary hearing. We will not, under these circumstances, find that the district court abused its discretion by failing to find that an implied license barred the grant of injunctive relief.

While there may be merit to some of Coca-Cola's arguments, we have an undeveloped record, and cannot conclude on this record that the grant of this injunction was an abuse of discretion. A thorough review can be had following

4

development of the record and the district court's decision about whether to grant a permanent injunction.

AFFIRMED.