[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12185

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:11-cv-00155-JA-GJK

ALLIED VETERANS OF THE WORLD, INC.:  AFFILIATE 67,
Florida non-profit corporation,
ALLIED VETERANS OF THE WORLD, INC.:  AFFILIATE 74,
Florida non-profit corporation,

Plaintiffs-Appellants,

PHONE-SWEEPS, LLC,
JACK'S BUSINESS CENTERS, LLC,
HASSAN SALEM MALIH,
DARRELL AGOSTINO,

Intervenors-Appellants,

versus

SEMINOLE COUNTY, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 21, 2012)

Before MARCUS, COX, and SILER,[*] Circuit Judges.

PER CURIAM:

Plaintiffs and Intervenor-Plaintiffs (collectively "Plaintiffs") challenge on First Amendment grounds an ordinance passed by the Defendant Seminole County, Florida. The ordinance bans the operation of "simulated gambling devices" in the County. In response to Plaintiffs' motions for a preliminary injunction, the district court decided that the Plaintiffs had not shown a substantial likelihood of success on the merits of their First Amendment claims. The court denied the motions, concluding that the ordinance regulated conduct—not speech. On appeal, Plaintiffs argue that the district court erred in this interpretation of the ordinance. Plaintiffs contend that the ordinance is a content-based restriction on speech, and ask that this court remand with instructions to enter a preliminary injunction.[1]

"A district court may grant [preliminary] injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2)

---

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

[1] Federal Rule of Appellate Procedure 28(a)(10) requires that the argument made in the brief contain "a short conclusion stating the precise relief sought." Plaintiffs' brief concludes, "[T]he Court should reverse the district court's order and remand for entry of a preliminary injunction enjoining enforcement of the challenged Seminole County ordinance until final judgment on the merits." (Appellants' Br. at 45.)

irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (citations omitted). The movant must clearly carry the burden of persuasion as to each of these four requisites. *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citing *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule . . . ." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (quoting *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

"We review the decision to deny a preliminary injunction for abuse of discretion." *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Scott v. Roberts*, 612 F.3d 1279, 1289 (11th Cir. 2010)).

> This limited review is necessitated because the grant or denial of a preliminary injunction is almost always based on an abbreviated set of facts, requiring a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief. Weighing these considerations is the responsibility of the district court . . . .

3

*Revette v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 740 F.2d 892, 893 (11th Cir. 1984) (alteration in original) (citations omitted). And, we may review the grant or denial of a preliminary injunction without reviewing the "intrinsic merits" of the case. *Id.*

After thoughtfully considering the parties' briefs and having the benefit of oral argument, we affirm the district court's denial of Plaintiffs' motions for a preliminary injunction. We agree with the district court that a threshold issue is whether the ordinance regulates speech or conduct, but we need not resolve this issue to decide this appeal. Whether the district court's determination of this point is right or wrong, the record before us indicates no abuse of discretion in the denial of preliminary injunctive relief. *See Cafe 207, Inc. v. St. Johns County*, 989 F.2d 1136, 1137 (11th Cir. 1993). If we were to assume that the ordinance regulates speech, rather than conduct, other hurdles the Plaintiffs would have to clear in order to succeed remain. Some present complex issues that should not be decided without the benefit of a well-developed record. We hold, therefore, that the district court did not abuse its discretion in denying preliminary injunctive relief.

After the district court's final decision regarding injunctive relief we can, if asked, conduct a more thorough review.

AFFIRMED.