[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13581

Non-Argument Calendar

_____

WILLIE B. SMITH, III,

Plaintiff-Appellant,

*versus*

COMMISSIONER, ALABAMA DEPARTMENT OF
CORRECTIONS,
WARDEN HOLMAN CORRECTIONAL FACILITY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

D.C. Docket No. 2:19-cv-00927-ECM-SMD

_____

October 21, 2021

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

WILSON, Circuit Judge:

Willie B. Smith III is a death-row inmate in the custody of the Alabama Department of Corrections (ADOC) at William C. Holman Correctional Facility (Holman). Mr. Smith sued the Commissioner of ADOC, Jefferson Dunn, and the Warden of Holman, Terry Raybon, (collectively, Defendants), for alleged violations of his rights under the Americans with Disabilities Act (ADA) in their enforcement and implementation of Alabama Code § 15-18-82.1(b). Section 15-18-82.1(b) provides death-row inmates with a 30-day window in which they can elect to be executed by nitrogen hypoxia in lieu of lethal injection.

Mr. Smith claims that Defendants violated his rights under the ADA when they gave death-row inmates an Election Form to opt in to this new method of execution but failed to provide Mr. Smith with a reasonable accommodation to ensure that he meaningfully understood the Election Form and the choice it provided him.

Mr. Smith filed a motion to preliminarily enjoin his execution by any method other than nitrogen hypoxia prior to the conclusion of his lawsuit. Mr. Smith also filed a motion for partial summary judgment as to one element of his ADA claim. The district

court denied both motions.  In addition to appealing both of the district court's rulings, Mr. Smith moves this court for a stay of execution.  We address each motion in turn.

I.    Motion for Partial Summary Judgment

As an initial matter, this court has jurisdiction over the interlocutory appeal of the district court's denial of preliminary injunction under 28 U.S.C. § 1292(a), which permits an immediate appeal from an order granting or denying an injunction.  *See id.* § 1292(a)(1).  We have pendent jurisdiction to review the district court's denial of partial summary judgment because, if granted, Mr. Smith would have satisfied the third prong of the preliminary-injunction analysis. *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1154 n.11 (11th Cir. 2018).

Even though an order on a motion for partial summary judgment is otherwise nonappealable, when coupled with the review of an order denying preliminary injunction, review of both orders is proper where the issues in each are "inextricably intertwined." *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017); *Hudson v. Hall,* 231 F.3d 1289, 1294 (11th Cir. 2000).  Matters may be sufficiently intertwined when they implicate the same facts and the same law or if determination of the pendent issue is essential to the resolution of the issue over which appellate jurisdiction exists. *See Smith v. LePage*, 834 F.3d 1285, 1292 (11th Cir. 2016).

Mr. Smith's motion for partial summary judgment implicates many of the same facts and law that are relevant to the merits of his Title II ADA claim when considering his motion for a preliminary injunction. Review of the district court's denial of his motion for partial summary judgment, an otherwise nonappealable decision, is necessary to "ensure meaningful review" of the denial of preliminary injunction. *Hudson*, 231 F.3d at 1294. Because the issues in Mr. Smith's motion for partial summary judgment and motion for a preliminary injunction are so "inextricably intertwined," this court, in its discretion, exercises pendent jurisdiction to review the district court's denial of Mr. Smith's motion for partial summary judgment.

We review a district court's grant of partial summary judgment de novo. *Transcon. Gas Pipe Line Co.*, 910 F.3d at 1154. We apply the same standard as the district court, considering the evidence in the light most favorable to the nonmoving party, and drawing all reasonable inferences in that party's favor. *E.E.O.C. v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1342–43 (11th Cir. 2016).

Having established jurisdiction, we now turn to Mr. Smith's argument that the district court erred in denying his motion for partial summary judgment on the final prong of his ADA claim. To state a claim under Title II of the ADA, a plaintiff must prove:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated

> against by the public entity; and (3) that the exclusion,
> denial of benefit, or discrimination was by reason of
> [his] disability.

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). Mr. Smith argues that Defendants admitted certain allegations in their Answer which establish that the third prong of his ADA claim is met as a matter of law.

Mr. Smith argues that Defendants' Answer fails to comply with Federal Rule of Civil Procedure 8(b) for admissions and denials of allegations. Mr. Smith contends that Defendants fail to specifically deny certain parts of the allegations in Paragraphs 33–36 of their Answer. Mr. Smith further argues that Defendants' failure to specifically deny certain parts of the allegations means that they have admitted them pursuant to Rule 8(b)(6). According to Mr. Smith, Defendants admitted the following material facts: (1) Mr. Smith's need for an accommodation was obvious; (2) ADOC knew about his need; (3) it was unlikely that Mr. Smith would have understood the Election Form without assistance; and (4) reasonable accommodations for Mr. Smith's disability include but are not limited to "use of simple language, a comprehension check, additional time, or assistive technology." Defendants respond that the Federal Rules of Civil Procedure do not require such an improper reading nor is litigation meant to be a game of "gotcha." We agree with Defendants.

The district court correctly found that Mr. Smith's argument does not prevail because it ignores the language of Rule 8(b)(3).

Rule 8(b)(4) requires that the party "admit the part that is true and deny the rest" when denying only part of an allegation. In turn, Rule 8(b)(6) states that if a responsive pleading is required and the allegation is not denied, then that allegation is deemed admitted. While Defendants did not specifically deny the allegations when answering Paragraphs 33–36, Rule 8(b)(3) allows a party to specifically admit allegations and then generally deny the rest. Defendants did exactly that by generally denying any allegation in Mr. Smith's complaint that was not expressly admitted.

Importantly, the strict reading of Rule 8 that Mr. Smith proposes would impermissibly prioritize the form of the pleadings over their substance. *See* Fed. R. Civ. P. 8(d), (e) (stating that "[n]o technical form is required" and "[p]leadings must be construed so as to do justice"); *see also Ray v. Comm'r, Ala. Dep't of Corr.*, 915 F.3d 689, 697 n.3 (11th Cir. 2019). Therefore, we find that the district court did not err in its denial of Mr. Smith's motion for partial summary judgment.

## II.    Motion for a Preliminary Injunction

We now turn to Mr. Smith's contention that the district court erred in denying his motion for a preliminary injunction. A moving party is entitled to injunctive relief only upon a showing that:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the

movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). The third and fourth elements merge when, as here, the party opposing the preliminary injunction is the government. *See Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020) (per curiam) (explaining that "where the government is the party opposing the preliminary injunction, its interest and harm merge with the public interest"). A preliminary injunction is considered "an extraordinary and drastic remedy," and Mr. Smith bears "the burden of persuasion" to clearly establish each of these elements. *Siegel*, 234 F.3d at 1176 (internal quotation marks omitted).

As noted above, to establish that he is likely to succeed on the merits of his underlying ADA claim, Mr. Smith was required to show:

(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of [his] disability.

*Bircoll*, 480 F.3d at 1083.  The district court found that Mr. Smith met the first requirement—that he is a qualified individual with a disability—but that he failed to meet the second and third requirements.  The district court thus concluded that Mr. Smith was unlikely to succeed on the merits of his ADA claim.

Because "[t]he grant or denial of a preliminary injunction is a decision within the sound discretion of the district court," our "review of such a decision is very narrow."  *Revette v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 740 F.2d 892, 893 (11th Cir. 1984) (per curiam).  Accordingly, we will not reverse the district court's ruling "unless there is a clear abuse of discretion."  *Id.*  An abuse of discretion occurs when the district court makes factual findings that are clearly erroneous, follows improper procedures, or applies the incorrect legal standard.  *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).  In reviewing for an abuse of discretion, "we will not review the intrinsic merits of the case."  *Revette*, 740 F.2d at 893 (internal quotation mark omitted).  We have explained that this "limited review" is necessitated because the district court's ruling on a motion for a preliminary injunction "is almost always based on an abbreviated set of facts, requiring a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief."  *Id.*  The weighing of these considerations is the province of the district court.  *Id.*

Applying this standard, we affirm the denial of Mr. Smith's motion for a preliminary injunction.  The district court identified and applied the correct legal standard in making its determination that Mr. Smith did not demonstrate a substantial likelihood of success on the merits of his ADA claim.  In making its determination, the district court found that: (1) Mr. Smith is a qualified individual with a disability, (2) Mr. Smith failed to demonstrate that he lacked meaningful access to the ADOC's Election Form service, and (3) Mr. Smith did not request an accommodation from the ADOC or show that his need for an accommodation was so obvious and apparent that the ADOC should have known he required one.

The district court made these factual findings after reviewing over 14,000 pages of documentary evidence, reviewing the parties' briefs, and presiding over a seven-hour evidentiary hearing in which Mr. Smith called eight witnesses to testify, including both Defendants.[1]  The district court supported each of its findings with citations to the record, and Mr. Smith has not shown that any of these factual findings rise to the level of being clearly erroneous. Nor does the record indicate that the district court followed improper procedures or applied the incorrect legal standards to its factual findings.  The district court therefore did not abuse its discretion in finding that Mr. Smith failed to make "*a clear showing*" that he had a substantial likelihood of success on the merits of his ADA

---

[1] While Mr. Smith submitted a declaration with his motion for a stay of execution in this court, he did not submit a declaration or affidavit in the preliminary injunction proceedings in the district court.

10                    Opinion of the Court                    21-13581

claim.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam).  We thus affirm the district court's denial of Mr. Smith's motion for a preliminary injunction.[2]

### III.    Motion for a Stay of Execution

The standard governing a stay of execution mirrors that for a preliminary injunction: the movant must establish a substantial likelihood of success on the merits.  *See Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011) (per curiam).  For the reasons we have discussed above, Mr. Smith has failed to show a substantial likelihood of success on the merits of his ADA claim.  Accordingly, his motion for a stay of execution is due to be denied without regard to the other prerequisites for the issuance of one.  *Id.*

### IV.    Conclusion

The district court's orders denying partial summary judgment and denying a preliminary injunction are AFFIRMED.  The motion for a stay of execution is DENIED.

---

[2] The district court also held in the alternative that Mr. Smith's motion for a preliminary injunction was due to be denied because the equities are not in his favor.  Because we affirm the district court's denial of Mr. Smith's motion for a preliminary injunction on the basis that he failed to meet his burden of establishing a substantial likelihood of success on the merits, we do not address this alternative holding.

JILL PRYOR, Circuit Judge, Concurring:

Alabama law authorizes prisoners sentenced to death to choose one of two forms of execution, death by lethal injection or by nitrogen hypoxia. By filing this lawsuit, Willie B. Smith III was seeking not to evade his execution, but only to have a say in the way he dies. The law requires me to join my colleagues in affirming the district court's denial of Mr. Smith's motions for a preliminary injunction and for partial summary judgment and denying his motion for a stay of execution. Although I am bound to apply the law and join the majority, I am confounded by the Alabama Department of Corrections' insistence that Mr. Smith be put to death immediately by lethal injection.

In 2018, the Alabama Legislature passed a statute giving death-row prisoners 30 days to elect death by nitrogen hypoxia. Mere days before the 30-day window closed, the Department ("ADOC") took it upon itself to distribute a three-sentence Election Form to death-row prisoners at the prison where Mr. Smith was confined. The Election Form included no explanation of the law, no description of execution by nitrogen hypoxia, and no notice that there was less than a week left to choose the nitrogen hypoxia option. Along with the Election Form, at least some of the prisoners received a verbal explanation about execution by nitrogen hypoxia and the 30-day deadline.

Mr. Smith—who the State of Alabama acknowledges has significantly subaverage intellectual functioning—insists he received the Election Form with no explanation. No explanation of

12                    Opinion of the Court                    21-13581

execution by nitrogen hypoxia, his statutory right to make an election about the method of his execution, how he could exercise that right, or the deadline for making the election. Evidence in the record supports Mr. Smith's contention that he did not understand the significance of the Election Form and that he was unaware he had only days to choose how he would be put to death. It disturbs me that ADOC, which took on the responsibility to inform prisoners about their right to elect death by nitrogen hypoxia within 30 days, did so in such a feckless way.

After the 30-day window closed, Mr. Smith tried to elect death by nitrogen hypoxia. Alabama rejected his choice. Mr. Smith sued under the ADA, and the State agreed to a trial date in June of 2022. Alabama also agreed that if Mr. Smith won his lawsuit, it would execute him by nitrogen hypoxia. Alabama has changed its position. Despite agreeing to a trial date well in the future, Alabama obtained a warrant for Mr. Smith's execution and asserts that Mr. Smith must die now, and by lethal injection.

Alabama's legislature gave death-row prisoners a choice in the manner of death. ADOC ostensibly intended to inform Mr. Smith of his right to choose death by nitrogen hypoxia. Mr. Smith intended to exercise that right, but because of his disability, he was unable to do so. ADOC has acknowledged that it could, if ordered to do it, give Mr. Smith another chance to make the election. Under these circumstances, I cannot silently acquiesce in the State's refusal to afford Mr. Smith this final dignity.